155 So. 561
### BURNS v. STATE.
### 6 Div. 500.

Supreme Court of Alabama.
June 21, 1934.

Beddow, Ray & Jones, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

GARDNER, Justice.

This is the second appeal by defendant from a conviction of murder in the second degree. Burns v. State, 226 Ala. 117, 145 So. 436.

In addition to his plea of not guilty by reason of insanity, defendant also relied upon his plea of self-defense. But the trial court in effect gave a directed verdict against defendant as to the plea of self-defense, stating in his oral charge that it was "the opinion of the court that it is its duty not to submit to you the question of self-defense," and after the retirement of the jury and their return for further instructions upon this phase of the case, the court instructed them as follows: "The defendant is not entitled to an acquittal on his claim that he acted in the right of self-defense."

The learned trial judge was of the opinion, and so stated, that this conclusion was justified upon the theory that under the undisputed proof defendant was not free from fault in bringing on the difficulty. Manifestly the evidence offered by the state sustains such conclusion, as it tends to show defendant, by deception, procured the presence of deceased at the house where he was killed and for that purpose.

But the evidence was conflicting, and that offered by defendant tended to show that the meeting was sought for a lawful and peaceful purpose, concerning business transactions, a discussion of which, or any meeting for that purpose, deceased had persistently declined and avoided, though they had long been intimate friends.

Evidence for defendant further tended to show (differing also in this respect from that of the state) that deceased, without further provocation on the part of defendant, or any of those with him, began firing his pistol immediately upon entering the door; that after the first shooting defendant escaped through the window, and later re-entered for the purpose of getting his brother, who was on the floor at the front door, having been shot by deceased, and who, in answer to defendant's inquiry, said that he was badly hurt, "come and get me." The brother also testified that at that time he said, "Let's don't have any more shooting in here." And according to defendant's tendency of the evidence, it was after this and while defendant was coming in to get his brother that deceased again opened fire, and in response to which defendant also fired, producing the fatal wounds. This general outline of the proof will suffice for the purpose in hand.

Our decisions are to the effect that every prisoner at the bar is entitled to have charges given, which without being misleading, correctly stated the law of his case, and are supported by any evidence, however weak, insufficient, or doubtful in credibility. Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am. St. Rep. 96. And in Morris v. State (Ala. Sup.) 39 So. 608, 611, it is said: "It matters not how slight the tendency of evidence may be towards establishing any material fact involved, the court cannot exclude it from the jury. Its weight is for their determination. Charge 2 given for the state was in effect a charge upon the effect of the evidence, and in effect it excluded from the jury consideration of the de-

fendant's evidence tending to show self-defense." See, also, Morris v. State, 146 Ala. 66, 41 So. 274; Smith v. State, 183 Ala. 10, 62 So. 864; Nichols v. State, 4 Ala. App. 115, 58 So. 681, 682; Wharton on Homicide (3d Ed.) §§ 343–345; 30 Corpus Juris, pp. 52, 53.

As previously noted, there were tendencies of the evidence offered by defendant which may be considered in support of the plea of self-defense, or at least there was some proof affording tendencies to that end. "Inferential facts are to be drawn by the jury from proven attendant facts * * *. The court is not authorized to draw inferences. The jury is the only proper tribunal to draw inferences from the proof." Nichols v. State, supra.

The court, by its instruction, took from the jury any consideration of the plea of self-defense. However unsatisfactory and inconclusive to the judicial mind, yet there was some proof affording tendencies in support of this plea. The inferences to be drawn therefrom were for the jury, and not the court. We feel impelled therefore to pronounce this action of the court as error to reverse.

Considering also the tendencies of the proof offered by defendant as herein briefly and very generally outlined, it would appear the court should, upon another trial, charge upon the offense of manslaughter in the first degree. Vaughn v. State, 201 Ala. 472, 78 So. 378.

For the error indicated, let the judgment be reversed.

Reversed and remanded.

THOMAS, BOULDIN, and FOSTER, JJ., concur.