176 So. 807

### KELLY et al. v. STATE.

### 4 Div. 974.

Supreme Court of Alabama.

June 28, 1937.

Rehearing Denied Oct. 14, 1937.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the motion.

W. G. Hardwick, of Dothan, opposed.

FOSTER, Justice.

The opinion of the Court of Appeals shows that appellant was tried on a charge of robbery, which, of course, includes the lesser crimes of larceny and assault and battery. The trial court refused to give two charges for defendant, (1) that the indictment includes a charge of larceny, and (4) that it includes a charge of an assault and battery. Of course, the charges asserted correct legal propositions, and under section 8697, Code, the jury could have convicted defendant of either of those charges if, but only if, the evidence was sufficient to support such a charge. The opinion of the Court of Appeals does not assert that there was evidence that though defendant may not have been guilty of robbery, he did some act in that connection which was larceny, or was assault and battery.

We assume from the opinion in this case that the Court of Appeals holds that section 8697, Code, makes it mandatory on the trial court to charge the jury at the request of defendant on the law of larceny and assault and battery, when the indictment charges robbery, though the evidence be such that defendant is guilty of robbery or nothing. It could very well be without doubt that a robbery was committed, and the disputed question was whether defendant was the guilty actor. If there is a controversy as to whether the act was robbery or larceny or assault and battery, the defendant is, of course, entitled to have the court charge on all three such aspects.

We have an illustration in the law of homicide. Section 4457, Code, has been construed as mandatory that the trial court must charge on the two degrees of murder when trying an indictment for first degree murder. But though the indictment impliedly includes manslaughter, it is not necessary to charge on the law of manslaughter, if the evidence is such that defendant is guilty either of murder or is justified, and not guilty of any offense. Whitehead v. State, 206 Ala. 288, 90 So. 351; Gafford v. State, 125 Ala. 1, 28 So. 406.

And while an attempt to commit a crime is impliedly included in an indictment charging the crime, though it makes no reference to an attempt, it was properly held by the Court of Appeals that there was no error in refusing a charge on an attempt, when the evidence did not support such an offense. Brazier v. State, 25 Ala.App. 422, 147 So. 688. And in the case of Reeves v. State, 17 Ala.App. 684, 88 So. 197, the Court of Appeals properly applied the same principle to a charge of robbery, such as in the instant suit. These cases seem to us to conflict with another decided by that court of Robertson v. State, 24 Ala.App. 237, 133 So. 742. We cannot follow the latter, but think the former state the better rule of construction.

So that we think the Court of Appeals should not have reversed this case for the refusal of those charges unless there was a reasonable theory from the evidence which would not support a conviction for robbery, but would support a conviction for larceny on the one hand or assault and battery on the other.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court to determine whether the facts justify such a theory of guilt.

Writ granted. Reversed and remanded.

All the Justices concur.

### On Rehearing.

FOSTER, Justice.

It is urged that we misinterpreted the opinion of the Court of Appeals in this case, in that we supposed that court meant to declare the rule in a case in which the evidence would only support a finding of guilt of robbery or nothing. The brief on certiorari by the State argued the question as being controlled by that interpretation of the opinion. The brief on behalf of appellants argued that the evidence shown by the record was sufficient to support a finding of guilt of an offense less than robbery. We did not include that aspect of the brief in our discussion because it is not our province on certiorari to examine the evidence shown by the record to see if it supports the conclusion of the Court of Appeals on the effect of it. We did not understand that issue was taken on the contention of petitioner as to the interpretation of that opinion, as is now done.

When the opinion of the Court of Appeals declared that appellants were entitled to have the jury so instructed, if it meant that such was the correct result, because the evidence justifies that instruction, rather than that it was due though the evidence did not sustain such a finding, we did misunderstand it.

But that there may be no misunderstanding as to the law which might result from the opinion as it now appears, we still think it should be remanded to that court for a statement as to whether the evidence justifies such a finding. And if it was meant to hold that there was such evidence, the opinion of that court was correct and the judgment of the circuit court was in that event properly reversed.

Also a more careful reading of the Robertson Case, supra, shows that it is not perhaps intended to be in conflict with the Reeves Case, supra, and others cited.

With that explanation the application for rehearing is overruled.

Application overruled.