21 So.2d 116

## McKINNEY v. STATE.

### 8 Div. 417.

Court of Appeals of Alabama.

Feb. 27, 1945.

F. S. Parnell, of Florence, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged this appellant (defendant below) with the offense of assault with intent to murder, in that, he unlawfully and with malice aforethought, did assault Ray Blakely, with the intent to murder him, etc. Upon the trial the jury returned the following verdict, towit: "We the jury find the defendant guilty of assault with a weapon, and assess his fine at five hundred dollars ($500.00)."

Under the provisions of the Statute, Title 15, Section 323, the foregoing verdict was permissible.

The record discloses, that upon the failure or refusal of the defendant to pay the fine and costs, or to confess judgment therefor, the court duly sentenced him to perform hard labor for the county for the correct period of time as fixed by the governing Statute. Title 15, Sec. 341. From the judgment of conviction, pronounced and entered, this appeal was taken.

The salient facts as stated by counsel in briefs are sustained by the record and are substantially as follows:

"On July 11, 1942 appellant's wife had sworn out a warrant against him for public drunkenness before J. H. Sharp, a Justice of the Peace. This warrant was turned over to Ray Blakely, the police officer, for execution. Said officer went by himself to arrest the appellant. The appellant was at home by himself when the officer attempted to arrest him. This officer, Ray Blakely, testified in substance that when he went to the home of the appellant to make the arrest he first went to the front door and knocked and that nobody came to the door. He testified that he saw a light in the house and that he walked around to the back and the back door was open and on into the house through the door into the living room; that the radio was playing loud and that he turned it off and turned around and started back out and met the appellant in the back door and that the appellant asked him, 'What do you want here?' or 'What are you doing here?' and he told him that he had a warrant for his arrest; that the appellant then said, 'Well, I'm not going with you.' The officer then pulled the warrant out of his pocket and asked the appellant to read it. The appellant stated that he did not want to read it and that he was not going with him and told him, 'If you undertake to take me, it'll be me and you, big boy.'

"During the officer's attempt to make the arrest the parties engaged in a fight. The officer testified in substance that the appellant resisted him and made at him and that he backed up. The officer further testified that during the fight the appellant cut the light off and while it was off he felt something hit him in the chest and thought that he was cut. During the scuffle the officer testified that the appellant bit him over the eye; that he bit his eyebrow in two, and that the appellant reached for his mouth and got his finger in it and started to tear at it and that he bit his finger. During this scuffle the officer shot the appellant with a 32 Automatic in the lower part of the stomach. The officer testified that he had been an officer for about 14 or 16 years and had been Chief Deputy Sheriff under two sheriffs. He testified that it was between 9 and 10 o'clock on the night of July 11, 1942 when he went to make this arrest and that the appellant was under the influence of liquor at the time. The officer further testified that during the difficulty, when he thought he had been cut in the chest, he later learned that the appellant had struck him in the chest with an ice pick.

"George Best, a witness for the State, who was a neighbor of the appellant, testified in substance that the first he knew of the difficulty between the appellant and the officer was when he heard a shot and heard Ray Blakely, the officer, hollering for help.

This witness then went to the scene of the difficulty and he testified that when he got there they were on the back porch and the appellant was holding the officer's hands and that no lights were on; that the appellant had the officer backed up in the corner, holding his hands; that the officer's eye was bleeding badly. The appellant testified that he had not done anything to the officer before the officer hit him with a blackjack and that he never did anything before the officer struck him. The appellant further testified that at the time of the difficulty he knew this officer and had been seeing him for 7 or 8 years. He denied that he was drinking on the occasion complained of."

The testimony disclosed without dispute or conflict that Officer Blakely was grievously and dangerously wounded, and that the ice pick referred to above, penetrated his chest two inches or more, and glanced off his chest bone towards his heart, and that it was still sticking in his chest when he arrived at the hospital and that Blakely was otherwise seriously and dangerously wounded by the defendant during said attempt to arrest him.

The law is, "An arrest may be made, under a warrant, or without a warrant, by any sheriff, or other officer acting as sheriff, or his deputy, or by any constable acting within their respective counties, or by any marshal, deputy marshal, or policeman of any incorporated city or town, within the limits of the county." Title 15, Section 152.

■■ The trial court delivered a full, fair, impartial oral charge to the jury, to which no exception was reserved. In addition to oral charge, the court gave a large number of written charges requested by defendant. Several written charges were refused to defendant. Among these was the general charge in his behalf. There is no phase of this case which entitled the defendant to a directed verdict. The evidence was in conflict as a result of the testimony of the defendant, who was the only witness for the defense, thus presenting a question for the jury to determine. And the trial judge properly so held. Such of the other refused charges as properly stated the law, were fairly and substantially covered by the instructions given the jury orally and in writing.

Several insistences of error relative to the rulings of the court on admission of the testimony are presented. We have carefully examined each of them and find no semblance of prejudicial error in any of them. The insistences in this connection involve only the simplest propositions of law, and, as stated, are wholly without merit. No good purpose would be served by discussing these questions in detail, hence we refrain from so doing.

■ The motion for a new trial was properly overruled. The evidence adduced upon the trial was ample to support the verdict of the jury and sustain the judgment of conviction from which this appeal was taken. Said judgment will stand affirmed.

Affirmed.