42 So.2d 636

**STOVALL et al. v. STATE.**
**7 Div. I.**

Court of Appeals of Alabama.
Aug. 15, 1949.

Rehearing Denied Oct. 5, 1949.

Roderick Beddow, of Birmingham, Hugh D. Merrill, Jr., of Anniston, and G. Ernest Jones, Jr., of Birmingham, for appellants.

612

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Judge.

Jack Stovall and J. B. Stovall, brothers, were jointly indicted for assault with intent to murder. The trial below was conducted without a severance and resulted in the conviction of each indictee as charged.

Without dispute in the evidence Jack Stovall inflicted rather severe wounds on the body of James Crump by shooting him with a shotgun.

The theory and contention of the State was that J. B. aided and abetted in the commission of the offense.

The prime factual issues revolved around the inquiry of whether or not Jack was justified in the assault on the doctrine of self defense as he claimed.

The testimony for the defendants tended to show that at the time the shot was fired Crump was advancing on Jack in a threatening manner with something in his hand. It appears that Crump had reached within a distance of about ten or fifteen yards when Jack fired the gun.

The incident occurred on the streets of Anniston in the nighttime, but the lights around afforded fair visibility.

There was much conflicting evidence relating to occurrences between the parties as they journeyed in separate automobiles up and down the highways for several hours prior to the main event. Finally the cars were halted at a barbecue or lunch stand, and there the assault ensued.

Among the written charges which were refused to appellants are these:

"D. I charge you, gentlemen of the jury, that a charge of assault with intent to murder includes a charge of assault and battery."

"M. I charge you, gentlemen of the jury, that the offense of assault with a weapon is included in the offense of assault with intent to murder."

· The action of the court in refusing these instructions presents the chief question for our review.

An indictment for assault with intent to murder includes the lesser offenses of assault and battery and assault with a weapon. Title 15, Sec. 323, Code 1940; Horn v. State, 98 Ala. 23, 13 So. 329; Maddox v. State, 31 Ala.App. 332, 17 So.2d 283; McKinney v. State, 31 Ala.App. 618, 21 So.2d 116.

A defendant who is accused of the greater offense is entitled to have the court charge on the lesser offenses included in the indictment if there is any reasonable theory from the evidence which would support the position. Kelly v. State, 235 Ala. 5, 176 So. 807.

Assault with intent to murder is an assault with intent to take life under circumstances which, if successful, would constitute murder in either degree. Chestnut v. State, 7 Ala.App. 72, 61 So. 609; Bowen v. State, 32 Ala.App. 357, 26 So.2d 205.

Therefore malice is an essential ingredient of assault with intent to murder. Smith v. State, 88 Ala. 23, 7 So. 103.

Chief Justice Stone writing for the Supreme Court in Williams v. State, 77 Ala. 53, stated: "It is not every assault with intent to kill that is an assault with intent to commit murder. There must be malice

in the attempt to take human life, to constitute this statutory felony. But, when the assault is made with a deadly weapon, in sufficient proximity to inflict a deadly wound, the law implies malice from the use of such instrument, and casts on the defendant the burden of proving that the killing, or attempt to kill, was in self-defense, or, if successful, would only be manslaughter; unless such defensive facts and circumstances are shown in the testimony which proves the killing, or attempt to kill."

In the case at bar in the matter of instant concern the question is whether or not there was any evidence from which the jury could draw an inference that the shooting was the result of passion suddenly aroused by sufficient provocation. That is to say, whether or not the jury was authorized under the proof to find that the element of malice was not present.

If this query must be answered in the affirmative, it follows that the tendered charges should have been given.

■ In approaching this inquiry we are not concerned with an attempt to reconcile the conflicts in the evidence, nor are we compelled to conclude which is true and which is false. These matters were addressed to the jury for solution.

"The province of court and jury are distinctly marked, and neither can lawfully invade the other." Dennis v. State, 112 Ala. 64, 20 So. 925, 926.

See also, Lett v. State, 1 Ala.App. 18, 56 So. 5.

■ We are clear to the conclusion that the combination of circumstances as disclosed by the record, some of which we have delineated, presented a jury question as to whether or not the shooting was the result of passion suddenly aroused by sufficient provocation.

"In the consideration of the infirmities of humanity, the law regards a sudden transport of passion, caused by adequate provocation, as sufficient to rebut the imputation of malice which would otherwise arise. In such case the law imputes the homicide to inherent frailty, instead of malice or formed design." Smith v. State, 83 Ala. 26, 3 So. 551, 552.

See also, Easley v. State, 246 Ala. 359, 20 So.2d 519.

By the indicated action of the trial judge the question of the guilt of the defendants of the lesser offenses included in the indictment was erroneously excluded from the consideration of the jury.

We come to consider the other written instructions which were refused to appellants.

■ Refused charges 1-a, 4, and 5 are affirmative requests and under the evidence were not due to be given.

■ Charges numbered and lettered 1 and C are each covered by given instructions or the court's oral charge. Title 7, Sec. 273, Code 1940.

■ Refused instructions 7, E, and 11 are not predicated on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179.

■ Charges X and Y are invasive of the province of the jury.

■ If there had been only one defendant on trial, it would have been proper to give charge number 6. Yorty v. State, 11 Ala.App. 160, 65 So. 914. By the use of the singular "defendant" the instruction would have been confusing to the jury.

■ Charge number 3 was refused without error. Bringhurst v. State, 31 Ala. App. 608, 20 So.2d 885; King v. State, 32 Ala.App. 134, 22 So.2d 448.

■ In the case of Waller v. State, 32 Ala.App. 586, 28 So.2d 815, we illustrated the propriety of the refusal of charge number 8.

■ We reviewed charge 10 in the cases of Kelley v. State, 32 Ala.App. 408, 26 So.2d 633, and Krasner v. State, 32 Ala.App. 420, 26 So.2d 519. The instruction was refused without error.

See also Richardson v. State, 33 Ala.App. 40, 29 So.2d 883; Bankhead v. State, 33 Ala.App. 269, 32 So.2d 814.

■ Instruction number 12 was properly refused. Bankhead v. State, supra; Vernon v. State, 239 Ala. 593, 196 So. 96.

There are some other questions presented which we will not review. They

614

will not likely reoccur in the event of another trial.

For indicated error the judgment of the lower court is ordered reversed and the cause is remanded.

Reversed and remanded.

BRICKEN, P. J., not sitting.