132 So.2d 384

**Louise HOWARD**

**v.**

**STATE.**

**7 Div. 638.**

Court of Appeals of Alabama.

Aug. 15, 1961.

Wales W. Wallace, Jr., Columbiana, and Jas. H. Sharbutt, Childersburg, for appellant.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for State.

CATES, Judge.

Louise Howard stands convicted of murdering her husband by poison. The jury found her guilty of second degree murder and set her punishment at twenty years imprisonment.

The trial judge refused two written charges not otherwise given:

"3. The Court charges the jury that the offense of second degree manslaughter is included in the indictment in this case.

"4. The Court charges the jury that the offense of first degree manslaughter is included in the indictment in this case."

These are adapted from charge "A," the refusal of which led to reversal in Duncan v. State, 30 Ala.App. 356, 6 So.2d 450.

 While these charges fail to define the offense and are not based on a consideration of the evidence, nevertheless stare decisis compels us to consider them as correct in form. Judge Carr quoted the Duncan charge illustratively in Carter v. State, 31 Ala.App. 526, 19 So.2d 361. The formula, "a charge of assault with intent to murder includes a charge of assault and battery," was approved in Stovall v. State, 34 Ala.App. 610, 612, 42 So.2d 636. See Kelly v. State, 235 Ala. 5, 176 So. 807.

By statute (as construed) the judge presiding at the trial of an indictment for murder in the first degree must define the elements of the two degrees of murder. Code 1940, T. 14, § 317, provides that the jury "must ascertain * * * whether it is murder in the first or second degree."

This mandate controls also in cases where killing is done by poison. Johnson v. State, 17 Ala. 618; Houlton v. State, 254 Ala. 1, 48 So.2d 7.

In Nordan v. State, 143 Ala. 13, 39 So. 406, 411 (headnote 21, So.Rep.), a part of the oral charge excepted to was (in reference to the evidence) characterized as free from error, viz.:

"* * * 'The administering of such a drug as strychnine is a crime of such heinous quality that the law carries with it all the elements of murder in the first degree if given knowingly, intentionally, and with intent to kill,' * * *"

Thus, we deduce from Johnson, Houlton and Nordan that in spite of the stark wording of T. 14, § 314, unlawful homicide by means of poison is not first degree murder only. Cf. Davis v. State, 116 Neb. 90, 215 N.W. 785. Rather the relevant state of mind with which the defendant does the deed is, as in other homicides, a matter for the jury to find.

If the mens rea in a murder by poison may be supplied by malice aforethought without more as in Houlton, then we fail to see any reason to stop the jury's deliberation before descending to manslaughter, if there is, as here, any reasonable theory in the evidence from which a lesser guilt of mind might be inferred. Davis v. State, 246 Ala. 101, 19 So.2d 358.

Reversed and remanded.