180 So.2d 279

**William F. LAMI**

v.

**STATE.**

**I Div. 4.**

Court of Appeals of Alabama.

May 18, 1965.

Rehearing Denied Aug. 17, 1965.

Collins, Galloway & Murphy, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The appellant, William F. Lami, was indicted for the offense of robbery. The jury found him guilty as charged in the indictment and fixed his punishment at ten years in the State penitentiary.

The defendant did not testify or call any witnesses in his own behalf.

Alice Ashley, the prosecuting witness, testified as follows: On the evening of October 13, 1963, the witness was walking to church when the appellant and a lady (identified as the defendant's wife) drove up in a car and asked her for directions to Georgia Avenue. She gave them directions and continued on to church. She left church about 8:30 P. M. and walked to a bus stop. The appellant and his wife drove up to the bus stop and offered to take the witness home if she would direct them to Georgia Avenue. The witness agreed to do so and got into the car in the back seat. The appellant, who was in the driver's seat, drove only a short distance before stopping the car and changing positions with his wife, who was sitting on the other side of the front seat. The appellant's wife drove out Church Street at a fast rate, and there was little conversation until the witness told the appellant's wife that she was "passing the street." At this point the appellant turned around and pointed a gun at the witness and asked her if she was afraid of guns. The witness replied that she was, and the appellant then commanded her to give him her pocketbook. As the witness handed her pocketbook to the appellant he said, "If there is a gun in there I am going to shoot you, and if there is not, I won't shoot you." The appellant took a billfold containing two dollars from the pocketbook and threw the pocketbook on the back seat next to the witness. The witness was let out of the car about half a block from her home.

The prosecuting witness testified without objection on cross-examination that she did not want to see the appellant prosecuted. During redirect examination the solicitor asked her if she would have given the appellant the money if she had not seen the gun. She replied, "I would have given it to them if I hadn't seen the gun." "I was scared."

A statement made by the appellant to police officers investigating the case was introduced into evidence by the State after

the proper predicate was laid to show that the statement was made freely and voluntarily by the appellant. The only material variation in the appellant's statement and the testimony of the prosecuting witness was that the appellant claimed he had pointed a cigarette lighter at the prosecuting witness, which was shaped like a gun, rather than using an actual gun. The appellant also said in his written statement that the prosecuting witness offered to "split" the money with the appellant after the appellant had returned her purse.

The appellant contends that the trial judge erred by refusing to give the following charges, which were not otherwise given:

"Defendant's Charge No. 2—I charge you, Gentlemen of the Jury, the indictment in this case charges the Defendant with the offense of robbery and under this indictment you may find the Defendant guilty of petit larceny instead of robbery.

"Defendant's Charge No. 3—I charge you, Gentlemen of the Jury, a lesser included offense in this indictment is petit larceny and if you are not satisfied the Defendant is guilty of robbery but you are satisfied beyond a reasonable doubt that the Defendant is guilty of petit larceny then you can find him guilty of such petit larceny."

In Kelly v. State, 27 Ala.App. 584, 176 So. 808, the following charge was held to have been improperly refused:

"The court charges the jury that an indictment for robbery also embraces the charge of larceny."

The Kelly case was taken to the Supreme Court by the Attorney General and reversed there on the theory that the Court of Appeals considered such a charge had to be given in all cases.

In 235 Ala. 5, 6, 176 So. 807, 808, Foster, J., said:

"* * * If there is a controversy as to whether the act was robbery or larceny or assault and battery, the defendant is, of course, entitled to have the court charge on all three such aspects." Kelly v. State.

And in Stovall v. State, 34 Ala.App. 610, 42 So.2d 636, Carr, J., said:

"A defendant who is accused of the greater offense is entitled to have the court charge on the lesser offenses included in the indictment if there is any reasonable theory from the evidence which would support the position. Kelly v. State, 235 Ala. 5, 176 So. 807."

In Howard v. State, 41 Ala.App. 360, 132 So.2d 384, this court considered two charges couched in the same form as those in the Kelly and Stovall cases, and there stated:

"While these charges fail to define the offense and are not based on a consideration of the evidence, nevertheless stare decisis compels us to consider them as correct in form. Judge Carr quoted the Duncan charge illustratively in Carter v. State, 31 Ala.App. 526, 19 So.2d 361. The formula, 'a charge of assault with intent to murder includes a charge of assault and battery,' was approved in Stovall v. State, 34 Ala.App. 610, 42 So.2d 636. See Kelly v. State, 235 Ala. 5, 176 So. 807."

All of the charges in the above cited cases are simple in form, merely instructing that lesser offenses are included in the indictment. A charge in this simple form should be given when the evidence so warrants.

The charges in the instant case are more than simple instructions that the indictment includes a lesser offense. In view of the use of the expression "may find" in charge 2, and the use of the expression "can find" in charge 3, we consider that these charges would have a tendency to mislead the jury.

■ Ordinarily, a charge that an indictment includes a lesser offense, when there is added to it the further instruction that the jury has authority to find the defendant guilty of the lesser offense, should be refused unless (1) the charge defines the offense, (2) is based on a consideration of all the evidence, and (3) sets out the degree of proof necessary to establish the offenses.

■ No error was committed by refusing the appellant's charges 2 and 3. This cause is due to be and the same is hereby

Affirmed.