BOOKOUT, Judge,
dissenting:
In determining whether a requested charge should be given, the question is not whether the court believes the evidence supporting the charge, “but simply whether such evidence was presented.” Hunter v. State, 295 Ala. 180, 325 So.2d 921 (1976).
In the instant case, the trial judge refused to give the defendant’s Requested Charges No. 24 and No. 26 (quoted above in the majority opinion). Those charges were approved in Howard v. State, 41 Ala.App. 360, 132 So.2d 384 (1961) and Bradberry v. State, 37 Ala.App. 327, 67 So.2d 561 (1953), respectively.
While the trial judge may have had reason to disbelieve the appellant’s version of the facts, he did not have legal cause to withhold that version of the facts from the jury’s consideration. The appellant testified that he did not intend to shoot or kill anyone. His testimony, if believed by the jury, would support a conviction of second degree manslaughter. In Burns v. State, 229 Ala. 68, 155 So. 561 (1934) the Alabama Supreme Court held, in pertinent part:
“Our decisions are to the effect that every prisoner at the bar is entitled to have charges given, which without being misleading, correctly stated the law of his ease, and are supported by any evidence, however weak, insufficient, or doubtful in credibility. Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am.St.Rep. 96. And in Morris v. State (Ala.Sup.), 39 So. 608, 611, it is said: ‘It matters not how slight the tendency of evidence may be towards establishing any material fact involved, the court cannot exclude it from the jury. Its weight is for their determination. . ’ ” (Emphasis supplied.)
Appellant was therefore entitled to have the jury instructed on the lesser included offense of second degree manslaughter.