Petitioner, James Chavers, Jr., seeks to review the opinion of the Court of Criminal Appeals, 361 So.2d 1096 which upheld the trial court's refusal to give the following requested charges on lesser included offenses of murder:
"CHARGE NO. 24
 "The Court instructs the jury that manslaughter in the second degree is included in the charge against the defendant.
"CHARGE NO. 26
 "The Court instructs the jury that if you believe from the evidence in the case, beyond all reasonable doubt and to a moral certainty, that the defendant killed the deceased without malice, either expressed or implied, and without intent to kill or inflict the injury causing death, while committing an unlawful act or while committing a lawful act in an improper or negligent manner, he would be guilty of manslaughter in the second degree."
The Court of Criminal Appeals determined that both charges were properly refused because the evidence adduced at trial failed to warrant any instruction on second degree manslaughter. We reverse and remand.
As indicated by Bookout, J., who dissented, there was evidence given by the defendant that the shooting was unintentional and accidental. In fact, the majority opinion indicates that there was such evidence introduced because the opinion states: "The only evidence presented at trial indicating the shooting was unintentional and accidental came from the lips of the defendant."
An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. Fulghum v. State, 291 Ala. 71,277 So.2d 886 (1973). A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury. Lami v. State, 43 Ala. App. 108, 180 So.2d 279
(1965). In fact, our decisions are to the effect that every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however, weak, insufficient, or doubtful in credibility. Burns v. State,229 Ala. 68, 155 So. 561 (1934). *Page 1108 
Was there any evidence presented that the killing was unintentional and accidental? Yes. The majority opinion indicates that there was. Therefore, the refusal to charge on lesser included offenses cannot be upheld on this ground.
Would the requested charges on lesser included offenses tend to mislead or confuse the jury? The answer to this question is more difficult. Charge No. 24 merely states that manslaughter in the second degree is included in the charge against the defendant. It neither defines the offense, nor is it based upon a consideration of the evidence. Why would it be error to refuse such a charge? Chavers says because the failure to give a similar charge has worked a reversal in the past. He citesHoward v. State, 41 Ala. App. 360, 132 So.2d 384 (1961). Howard
is apt authority, but only because, in Howard, Cates, J., felt bound by stare decisis. There, the court said:
 "While these charges fail to define the offense and are not based on a consideration of the evidence, nevertheless stare decisis compels us to consider them as correct in form. Judge Carr quoted the Duncan charge illustratively in Carter v. State, 31 Ala. App. 526, 19 So.2d 361. The formula, `a charge of assault with intent to murder includes a charge of assault and battery,' was approved in Stovall v. State, 34 Ala. App. 610, 612, 42 So.2d 636. See Kelly v. State, 235 Ala. 5, 176 So. 807."
In Lami v. State, 43 Ala. App. 108, 180 So.2d 279 (1965),cert. denied, 278 Ala. 710, 180 So.2d 282, the Court of Appeals held:
 "Ordinarily, a charge that an indictment includes a lesser offense, when there is added to it the further instruction that the jury has authority to find the defendant guilty of the lesser offense, should be refused unless (1) the charge defines the offense, (2) is based on a consideration of all the evidence, and (3) sets out the degree of proof necessary to establish the offenses."
Nevertheless, in Lami, the court again cited the rule that a simple charge which states that lesser offenses are included in an indictment should be given when the evidence so warrants. However, in Lami, the court found that the two charges on lesser included offenses requested in that case had a tendency to mislead the jury because one used an expression "may find" and the other used "can find."
Howard, following precedent, reversed the failure to give the simple charge on lesser included offenses, but Howard did notapprove the charge. On the contrary, Howard criticized the charge and the prior precedents. In Lami, the court again pointed out what requested charges on lesser included offenses should contain. This court denied certiorari in Lami.
Because of the failure of the trial judge to give requested charge No. 24, and the trial court's refusal to charge on second degree manslaughter[1] we think the trial judge erred.
We are faced here with the situation which Cates, J., faced in Howard. In past cases, the failure of the trial court to give a simple charge on lesser included offenses has been held to be reversible error, although the court has criticized the precedents. However, in this particular case, we have the additional request made by the attorney for the accused for the court to charge the jury on lesser included offenses.
Having determined that the cause must be reversed, we need not discuss the failure of the trial court to give charge No, 26. However, we point out that we do not approve the use of the expression "all reasonable doubt," instead of the expression "a
reasonable doubt" in that charge, Bradberry v. State,37 Ala. App. 327, 67 So.2d 561 *Page 1109 
(1953), to the contrary notwithstanding, assuming Bradberry so holds. The use of "all" instead of "a" was not discussed inBradberry.
Breazeale v. State, 51 Ala. App. 320, 285 So.2d 130 (1973) contains the correct rule:
 "Appellant's only other assertion or assignment of error is based on the court's refusal to give defendant's requested charge No. 1:
 `The Court charges the jury that unless you believe, beyond all reasonable doubt, that the defendant broke and entered the shop in question, you cannot convict this defendant.'
 "The requested instruction runs afoul of the oft repeated rule to the effect that a trial court is not to be reversed for refusing a charge that pretermits consideration of the evidence as a basis for a finding of the jury, recently applied in Green v. State, 45 Ala. App. 549, 233 So.2d 243. It is also subject to just criticism in its use of `all reasonable doubt' instead of the conventional `a reasonable doubt,' as found in Alldredge v. State, 45 Ala. App. 171, 227 So.2d 803, and Brown v. State, 45 Ala. App. 391, 231 So.2d 167. The importance of convincing the jury by the evidence beyond a reasonable doubt was emphasized by the trial judge by his stating that the burden was upon the State `to prove the defendant guilty from the evidence beyond a reasonable doubt and to a moral certainty' and by his explanation of the quoted language and repetition of it several times. We conclude that neither error nor injury to defendant is to be found in the refusal of requested Charge No. 1."
The failure of the trial judge to charge the jury on second degree manslaughter was error. The judgment of the Court of Criminal Appeals is due to be reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
[1] For a better understanding of the facts, we went to the record to read the court's oral charge, and found the following:
"Are there any exceptions to my charge?
 "MR. REDDEN: I have one. We except to the Court refusing to give other written requested charges. We also except to the failure of the Court to instruct the jury on the offense of Manslaughter in the Second Degree as contained in the indictment.
"THE COURT: All right. Overruled."