ON REHEARING
We withdraw our opinion on original submission and the opinion which follows addresses both issues raised on appeal and becomes the opinion of the Court.
Edward Charles Tate was indicted and convicted for the attempted murder of Pearl Marie Dixon in violation of Alabama Code 1975, § 13A-4-2. Sentence was life imprisonment. Two issues are raised on appeal.
The State presented a prima facie case of attempted murder. That evidence authorizes the inference that the defendant lit and threw a Molotov cocktail at Ms. Dixon's car with the intent to kill her. However, if the jury believed the defendant's testimony, they could find that the defendant threw a coke bottle at Ms. Dixon's car out of anger or frustration, that he did not know the bottle contained gasoline, and that he did not intend to kill anyone.
 I
The defendant argues that the trial court erred in refusing his requested jury instructions on assault in the second and third degrees as lesser included offenses of attempted murder.
The requested charge on second degree assault is as follows:
 "I charge you, members of the jury, that embraced within the offense of attempted murder, as charged in the indictment, is the lesser included offense of assault second degree. If after your consideration of the evidence or the lack of evidence you are not satisfied beyond a reasonable doubt that the defendant is guilty of attempted murder, you can not find him guilty of attempted murder and can consider if the defendant is guilty of the lesser included offense of assault second degree."
The requested charge on third degree assault was identical except that "assault third degree" replaces the words "assault second degree".
Both requested charges were properly refused.
 "Ordinarily, a charge that an indictment includes a lesser offense, when there is added to it the further instruction that the jury has authority to find the defendant guilty of the lesser offense, should be refused unless (1) the charge defines the offense, (2) is based on a consideration of all the evidence, and (3) sets out the degree of proof necessary to establish the offenses." Lami v. State, 43 Ala. App. 108, 180 So.2d 279, cert. denied, 278 Ala. 710, 180 So.2d 282 (1965).
We distinguish the charges requested in this case from "a simple charge which states that lesser offenses are included in an indictment." Chavers v. State, 361 So.2d 1106, 1108 (Ala. 1978). Here, there was not even additional requested charges defining the offenses of second and third degree assault.
As the defendant's appellate counsel recognizes, the requested instruction on assault in the third degree was properly refused because the severity of Ms. Dixon's injuries precludes this offense. Assault in the third degree, by statutory definition, involves the intentional, reckless, or negligent infliction of physical injury, Alabama Code 1975, §13A-6-22, which is defined as the "[i]mpairment of physical *Page 750 
condition or substantial pain." § 13A-1-2 (8). It cannot be disputed that this case involves serious physical injury, that is "[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." § 13A-1-2 (9). There was undisputed testimony that Ms. Dixon suffered second to third degree burns over 50% to 60% of her body. A physician testified that she "had a very significant chance of dying from these injuries" and that "[e]ven with treatment there was a great chance she may have died." Consequently, the requested charge on third degree assault would have been properly denied even had a correct charge been submitted.
 II
In an unsolicited response, Ms. Dixon testified that she caught Tate with a marijuana cigarette in explaining why she told him to leave her house on the afternoon of the incident. This answer was admissible on the question of intent and malice even though it constituted evidence of an offense not charged in the indictment.
Ms. Dixon and Tate had been living together. That afternoon they had a "misunderstanding" and she asked Tate to leave her house. When he refused, she ran into the bathroom. Tate followed, kicked down the door and started "beating up" on her. Ms. Dixon's nephew arrived and Tate left. The police were called and she had a conversation with them.
After that, Ms. Dixon decided to leave her house. As she was walking to her car, Tate appeared and asked her, "Do you mean what you say?" Ms. Dixon did not answer and got in her car. Then Tate threw the gasoline-filled bottle.
Evidence of the prior difficulties between the victim and her assailant was admissible for the reasons stated in Smith v.State, 447 So.2d 1327, 1330 (Ala.Cr.App. 1983), affirmed,447 So.2d 1334 (Ala. 1984):
 "In a prosecution for unlawful homicide it is `permissible to show all that transpired at the time of the difficulty and everything leading up to and explanatory of the tragedy.' Moulton v. State, 19 Ala. App. 446, 450, 98 So. 709, cert. denied, 210 Ala. 656, 98 So. 715 (1923). Testimony is admissible if it `tend(s) to prove the surrounding facts and circumstances leading up to and relating to the homicide.' Hill v. State, 25 Ala. App. 264, 265, 144 So. 582 (1932). `(E)vidence of connected acts leading up to and explanatory of killing, throwing light on action, animus, or intent of accused, is admissible, though not res gestae.' Smallwood v. State, 26 Ala. App. 360, 361, 159 So. 699 (1935). See also Palmer v. State, 401 So.2d 266, 269-70 (Ala.Cr.App.), cert. denied, Ex parte Palmer, 401 So.2d 270 (Ala. 1981)."
Those principles apply with equal validity in a prosecution for attempted murder.
The judgment of the circuit court is affirmed.
ORIGINAL OPINION WITHDRAWN; APPLICATION FOR REHEARING OVERRULED; JUDGMENT AFFIRMED.
All Judges concur.