TAYLOR, Judge.
James Womack was convicted of burglary in the third degree, § 13A-7-7, Ala.Code 1975. He was sentenced as a habitual offender to 12 years’ imprisonment.
The evidence tends to show that on June 3, 1982, at approximately 1:45 a.m. Officer Bankston of the Mobile Police Department *1021 was summoned to the UMS Preparatory School on a burglar alarm call. Upon arrival he apprehended the appellant, who was crawling out of a window at the school from which an air conditioner had been removed. The appellant, however, did not have the air conditioner in his possession nor was it ever recovered.
The appellant contends that the trial court erred when it failed to give his requested charge on criminal trespass in the second degree as a lesser included offense of burglary in the third degree.
“A person is guilty of criminal trespass in the second degree if he knowingly enters or remains unlawfully in a building or upon real property which is fenced or enclosed in a manner designed to exclude intruders.” Ala.Code (1975), § 13A-7-7. Therefore, the elements of these two crimes are essentially the same, except that burglary in the third degree requires proof of an intent to commit a crime once the trespass is made.
It is well established under Alabama law that an individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment when there is a reasonable theory from the evidence to support his position. Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973); Chavers v. State, 361 So.2d 1106 (Ala.1978); Staggs v. State, 51 Ala.App. 203, 283 So.2d 652 (Ala.Crim.App.1973).
A charge on lesser included offenses should be denied, however, unless the charge (1) defines the offense, (2) is based on a consideration of all the evidence, (3) sets out the degree of proof necessary to establish the offense, and (4) would not tend to mislead the jury. Lami v. State, 43 Ala.App. 108, 180 So.2d 279 (1965); Tate v. State, 462 So.2d 748 (Ala.Crim.App.1984); Chavers, supra.
The evidence tends to show that the appellant at the least committed a criminal trespass, since he was apprehended while crawling out of a window at the school. However, some doubt could arise as to proof of the appellant’s intent to commit a crime after making entry. It is highly probable that the appellant had the intention of committing a theft, and the jury so found. However, since neither the missing air conditioner nor any other property from the school was ever traced to his possession, there is a lack of evidence, which is consistent with guilt only of the lesser offense.
From a consideration of all the evidence a reasonable theory is presented to support the appellant’s contention that a charge on criminal trespass in the second degree should have been given. The offense was within the definition of the lesser offense and the charge set out the degree of proof necessary to establish the offense. The charge in this instance would not confuse or mislead the jury.
Accordingly, we must find that the trial court erred in not giving the requested charge on criminal trespass in the second degree as a lesser offense included in burglary in the third degree. Thus, the judgment is reversed and the case remanded for further proceedings.
REVERSED AND REMANDED.
All the Judges concur.