TAYLOR, Judge.
The appellant, Michael Wayne Smithson, was convicted of robbery in the first degree, a violation of § 13A-8^fl, Code of Alabama 1975. He was sentenced to 20 years in prison.
The state’s evidence tended to show that on January 22, 1992, the appellant robbed the clerk of the Shop-A-Snack convenience store in Birmingham. The clerk testified that the appellant was armed with a gun at the time of the robbery and that he took approximately $93.00 and a Mountain Dew soft drink. After the robbery the clerk telephoned the police and described the automobile that the robber had fled in. Officers found the car on the side of the road, with the appellant in the passenger side, several miles from the store. Behind one of the sun visors was $93.00 in cash. An unopened Mountain Dew soft drink was lying between the front seats. A loaded gun was also discovered under the floorboard of the passenger side.
I
The appellant argues that the trial court erred in denying his requested instructions on the lesser included offenses of second and third degree robbery. The trial court committed no error.
The Alabama Supreme Court in Ex parte Hannah, 527 So.'2d 675 (Ala.1988), stated:
“Someone charged with a greater offense is not always entitled to a charge of a lesser included offense. Chavers v. State, 361 So.2d 1106, 1107 (Ala.1978), explains:
“ ‘An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973). A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury. Lami v. State, 43 Ala.App. 108, 180 So.2d 279 (1965).’ ”
527 So.2d at 676.
In this case, the clerk testified that the robber had a gun. Police also found a gun in *1299 tlie car under the seat in which the appellant was sitting. There was no evidence presented that would justify a charge on second or third degree robbery. The court did not err in denying appellant’s requested charges.
II
The appellant also argues that he was not afforded effective assistance of counsel. The record reflects that the appellant initially pleaded guilty and was sentenced to 20 years’ imprisonment. The appellant moved to withdraw the plea. The court granted the motion and set the ease for a jury trial. Thereafter, the appellant, represented by different counsel, was convicted of first degree robbery. The appellant now argues that the counsel who represented him before his original plea of guilty was ineffective. However, this issue is not correctly before this court.
The appellant here was in effect granted relief on this claim when he was allowed to withdraw his guilty plea. The issue of whether his original counsel was ineffective was rendered moot by the actions of the trial court.
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.