The appellant, John Edward Miller, was convicted of burglary in the first degree and of theft of property in the first degree. He was sentenced, as a habitual offender with two prior felony convictions, to life in prison on the burglary conviction and to 25 years in prison on the theft of property conviction. He appeals from his conviction for burglary in the first degree, contending that the trial court erred in refusing his request to charge the jury on the lesser included offense of burglary in the third degree. See §§ 13A-7-5 and 13A-7-7, Ala. Code 1975.
The evidence at trial tended to show the following: On October 26, 1994, the appellant and an accomplice burglarized a house in rural Montgomery County. The victims testified at trial that among the items missing from their house after the burglary were a camera, an oriental fan, a wicker basket, various items of jewelry, a television set, a videocassette recorder, several pieces of stereo equipment, a Chinese assault rifle, and a 20-gauge shotgun. At trial, the appellant admitted to committing the burglary with an accomplice, Roland Daniel. However, the appellant testified that neither he nor Daniel had taken any guns from the victims' house, and he claimed that at no time during the burglary did he see the Chinese assault rifle or 20-gauge shotgun. The appellant further testified that neither he nor Daniel had a weapon when they entered the victims' house. Although most of the items reported by the victims to be missing were later recovered at the appellant's apartment when investigators executed a search warrant there, neither of the guns reported to be missing was ever recovered. No registration, receipt, *Page 536 
or other documentary evidence with respect to the guns was presented at trial. The trial court charged the jury on burglary in the first degree but refused the appellant's request to charge the jury on the lesser included offense of burglary in the third degree.
Section 13A-7-5, Ala. Code 1975, defines burglary in the first degree, in pertinent part, as follows:
 "(a) A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime:
 "(1) Is armed with explosives or a deadly weapon."
Burglary in the third degree is a lesser included offense of burglary in the first degree, because the former may be established by proof of fewer than all of the factors required to prove the latter. Pardue v. State, 571 So.2d 320
(Ala.Cr.App. 1989), rev'd on other grounds, 571 So.2d 333
(Ala. 1990). See §§ 13A-7-5 and 13A-7-7 and § 13A-1-9(a)(1), Ala. Code 1975. In this case, the difference between first- and third-degree burglary is the possession of a deadly weapon. If an accused or an accused's accomplice acquires a gun as loot during commission of a burglary, the accused, for purposes of §13A-7-5, is considered to be armed with a deadly weapon. Parduev. State, 571 So.2d 333 (Ala. 1990).
The state's position at trial was that the appellant was armed with a deadly weapon during the burglary because either he or his accomplice took firearms from the victims' house during the course of the crime. The appellant argues that he was entitled to a jury charge on burglary in the third degree because, he says, there was evidence to support the theory that while he knowingly and unlawfully entered the victims' house, neither he nor his accomplice was armed with a deadly weapon during commission of the burglary. We agree.
A defendant has the right to request a jury charge based upon any material hypothesis that the evidence tends to establish.Bridges v. State, 504 So.2d 1223 (Ala.Cr.App. 1987). Where there is a reasonable theory to support a requested charge on a lesser included offense, a trial court's failure to give this charge is reversible error. Hill v. State, 485 So.2d 808
(Ala.Cr.App. 1986). A court may properly refuse to charge on a lesser included offense only when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense or when the requested charge would have a tendency to mislead or to confuse the jury. Lami v. State, 43 Ala. App. 108, 180 So.2d 279, cert. denied, 278 Ala. 710, 180 So.2d 282 (1965). Every accused is entitled to have charges given that would not be misleading, that correctly state the law of the accused's case, and that are supported by any evidence, however weak, insufficient, or doubtful in credibility. Ex parte Stork, 475 So.2d 623
(Ala. 1985); Chavers v. State, 361 So.2d 1106 (Ala. 1978).
As noted above, the appellant admitted that he had committed the burglary; however, he testified that neither he nor his accomplice was equipped with a weapon when they entered the victims' house and that neither he nor his accomplice took any guns from the victims' house. Although most of the items reported to be missing from the victims' house after the burglary were in fact recovered from the appellant's apartment, the guns that the victims reported to be missing were never recovered. Accordingly, under the evidence, there was a dispute as to whether any weapons were stolen during the burglary. Compare Jordan v. State, 629 So.2d 738, 743 (Ala.Cr.App. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 2112, 128 L.Ed.2d 671
(1994). Because there was evidence, if believed by the jury, to support a reasonable theory that although the appellant had committed a burglary, he had not done so while armed with a deadly weapon, the appellant was entitled to a charge on burglary in the third degree as a lesser included offense of burglary in the first degree. *Page 537 
We therefore hold that the trial court committed error prejudicial to the appellant by refusing to charge the jury on burglary in the third degree. The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.