BROWN, Judge.
The appellant, James Edward Miller, was convicted of murder, a violation of § 13A-6-2, Code of AJabama 1975. He was sentenced to life imprisonment without the possibility of parole upon application of the Habitual Felony Offender Act (“HFOA”).
Our holding in this case requires us to address only one of the issues raised on appeal. The appellant claims that the trial court erred in refusing to instruct the jury on the lesser-included offense of heat-of-passion manslaughter.
At trial, Guyward Miller, the appellant’s cousin, testified that he, the appellant, and the victim, Randy Twilley, were riding in the appellant’s truck on the night Twilley was killed. The appellant and Twilley were arguing about where Twilley would stay that night. The appellant drove the truck into a service station in Birmingham. According to Miller, Twilley grabbed the appellant in a headlock and started hitting him on the head while holding what looked like a “box cutter knife” in his hand. The appellant got out of the truck and retrieved a tire tool. Twilley, who had also gotten out of the truck, grabbed the tire tool from the appellant and continued to hit the appellant on the head. The appellant got away from Twilley, got back into his truck and circled the block, accelerating as he did so. He then re-entered the service station parking lot and hit Twilley with the truck, causing massive head injuries that proved fatal. The appellant then drove away from the scene. (R. 325-34.)
Although the box cutter was never found by investigators, Miller’s version of events was essentially unrefuted at trial. Another witness, who was a passerby, described the confrontation between Twilley and the appellant as a “scuffle” and an argument loud enough that the witness heard it from his vehicle in the street by the service station. (R. 152-53.)
“ ‘A person accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. Chavers v. State, 361 So.2d 1106 (Ala.1978); Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973); Wiggins v. State, 491 So.2d 1046 (Ala.Cr.App.1986); Wilkerson v. State, 486 So.2d 509 (Ala.Cr.App.1986). A court may properly refuse to charge on a lesser included offense only when (1) it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) the requested charge would have a tendency to mislead or confuse the jury. Lami v. State, 43 Ala.App. 108, 180 So.2d 279, cert. denied, 278 Ala. 710, 180 So.2d 282 (1965). Every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility. Ex parte Stork, 475 So.2d 623 (Ala.1985); Chavers v. State, supra; Burns v. State, 229 Ala. 68, 155 So. 561 (1934). Section 13A-1-9(b) provides, “The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense.”
“ ‘ “The ‘safer’ practice is to charge upon all degrees of homicide: ‘(It) is much the safer rule to charge upon all degrees of homicide included in the indictment, when a party is on trial for murder, unless it is perfectly clear to the judicial mind that there is no evidence tending to bring the offense within some par *1145 ticular degree.’ Pierson v. State, 99 Ala. 148, 153 13 So. 550 (1892), approved in Williams v. State, 251 Ala. 397, 399, 39 So.2d 37 (1948).” ’
“ ‘Phelps v. State, 435 So.2d 158, 163 (Ala.Cr.App.1983).’
“Anderson v. State, 507 So.2d 580, 582-583 (Ala.Crim.App.1987).”
Williams v. State, 675 So.2d 537, 540-41 (Ala.Cr.App.1996) (Emphasis added.)
“Heat-of-passion” manslaughter is defined in § 13A-6-3(a)(2), Code of Alabama 1975, as follows:
“(a) A person commits the crime of manslaughter if:
[[Image here]]
“(2) He causes the death of another person under circumstances that would constitute murder under Section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself.’ ”
In construing § 13A-6-3(a)(2), this Court has said:
“ ‘[Section] 13A-6-3(a)(2) is designed to cover those situations where the jury does not believe a defendant is guilty of murder but also does not believe the killing was totally justified by self-defense.’ Shultz v. State, 480 So.2d 73, 76 (Ala.Crim.App.1985). See also Shiflett v. State, 507 So.2d 1056 (Ala.Crim.App.1987).
“ ‘To constitute adequate legal provocation, it must be of a nature calculated to influence the passions of the ordinary, reasonable man. Other than discovered adultery, courts have reached different conclusions as to what factual situations are embraced within this doctrine. See Commentary, § 13A-6-3, Code of Alabama 1975. See also Annot., 93 A.L.R.3d 920 (1979).’
“Biggs v. State, 441 So.2d 989, 992 (Ala.Crim.App.1983).”
Williams, 675 So.2d at 541. “In addition, [provocation has been defined as that treatment by another which arouses anger or passion, which produces in the minds of persons ordinarily constituted the highest degree of exasperation, rage, anger, sudden resentment, or terror.” McDowell v. State, 740 So.2d 465, 468 (Ala.Cr.App.1998). (Citations omitted.)
In Wyllie v. State, 445 So.2d 958, 963 (Ala.Cr.App.1983), in which the appellant was convicted of murdering his wife, this Court held:
“[The] appellant’s version of the facts [supported his] theory that [he] was provoked by [his wife’s] attack upon [him]. If believed, the appellant’s version of the facts might have provided a ‘rational basis’ for a conviction of manslaughter pursuant to § 13A-6-3(a)(2), Code of Alabama 1975.... However incredible the appellant’s version of the facts might have been, in light of the state’s convincing evidence to the contrary, there was evidence of sufficient provocation to reduce the offense from murder to manslaughter .... The weight and credibility of appellant’s evidence was a matter exclusively within the province of the jury and a proper manslaughter charge was warranted.”
See also Hill v. State, 485 So.2d 808, 809-10 (Ala.Cr.App.1986); Williams, 675 So.2d at 542.
After reviewing the record in the present case, we conclude that the trial court erred in refusing to instruct the jury on “heat-of-passion” manslaughter, as set out in § 13A-6-3(a)(2), Code of Alabama 1975. There was evidence presented by the defendant, which was unrefuted by the state, that, if believed by the jury, would support a finding that Randy Twilley attacked and struck the appellant with his fist, with or without a weapon, and that the appellant then ran Twilley down with his pickup truck in a sudden heat of passion. “The question of whether legal provocation for heat-of-passion manslaughter was suffi *1146 ciently proven was a matter to be decided by the jury. Cox [v. State], 500 So.2d 1296, 1298 (Ala.Cr.App.1986).” Williams, 675 So.2d at 542.
The judgment of the trial court is reversed and this cause is remanded for a new trial.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.