* Reporter's note: The defendant's name was spelled "Donald Hanna" in the Court of Criminal Appeals; the petition in the Supreme Court was filed under the name "Lon Donald Hannah."
This is a certiorari review of an affirmance of a conviction of robbery in the first degree. (The conviction was affirmed without opinion, 507 So.2d 1068 (Ala.Cr.App. 1987).) The petitioner, Hannah, was arrested, along with codefendant Dixon, for the armed robbery of a tavern named Bentley's in Montgomery, Alabama. Hannah was subsequently convicted of robbery in the first degree, while, in a separate trial, Dixon was determined to be not guilty on a charge of robbery in the first degree. Hannah and Dixon claim that they had agreed to bring the alleged victim of the robbery, Andrew Smith, the owner/manager *Page 676 
of Bentley's, some stolen whiskey in return for money that Smith had given to Hannah and Dixon in advance. The two defendants claim that Smith signed warrants accusing them of robbery because they never returned with the whiskey.
Smith and the assistant manager of Bentley's testified that they had been robbed by Hannah and Dixon at gunpoint. Both Smith and the assistant manager claimed that Dixon held a gun on them while Hannah assisted in the taking of cash from Smith.
The petitioner raises two issues of merit in his petition for certiorari: 1) he claims it was error to allow the prosecutor to refer to him as a criminal in closing argument; and 2) he claims it was error for the trial court not to charge on the lesser offense of robbery in the second degree and on the lesser offense of theft.
 I
During the closing argument, the prosecutor called Hannah a criminal. Hannah's lawyer objected:
 "MR. LAWRENCE: Your Honor, I would like to have the court to instruct that this man is no criminal. He is here today because he turned himself in and the State calling him a criminal is wrong.
 "THE COURT: Overruled. I presume the State is referring to his past record."
While the prosecutor may comment in his closing argument on previous crimes committed by the defendant, for certain purposes, e.g., impeachment, an argument is inappropriate where it is made to appeal to a jury's not-so-unnatural belief that a person who has committed one or more previous transgressions is likely to commit another. Stephens v. State, 252 Ala. 183,186, 40 So.2d 90 (1949). However, in the present case, we are unable to ascertain whether the prosecutor's statement was calculated to misappropriate the evidence of the petitioner's prior convictions, because the record before us does not contain the prosecutor's statement.
 II
The petitioner contends that he was entitled to a charge on the lesser offense of robbery in the second degree. A crime is a lesser included offense where it is established by proof of the same facts, or fewer than all the facts, required to establish the commission of the offense charged. Code 1975, § 13A-1-9(a)(1). Where two persons commit an armed robbery, robbery in the second degree is a lesser included offense of robbery in the first degree. This is true because in the situation where two persons commit armed robbery, robbery in the second degree can be established by proof of fewer than all the facts required to establish robbery in the first degree. Therefore, we must determine whether the appellant was entitled to a charge on the lesser offense. Someone charged with a greater offense is not always entitled to a charge of a lesser included offense. Chavers v. State, 361 So.2d 1106, 1107 (Ala. 1978), explains:
 "An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973). A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury. Lami v. State, 43 Ala. App. 108, 180 So.2d 279 (1965). In fact, our decisions are to the effect that every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however, weak, insufficient, or doubtful in credibility. Burns v. State, 229 Ala. 68, 155 So. 561 (1934)."
Id. See Code 1975, § 13A-1-9(b).
The trial court was not required to give a lesser-offense charge in the present case if there was no evidence tending to bring the *Page 677 
offense within the definition of the lesser included offense.Lidge v. State, 419 So.2d 610 (Ala.Crim.App.), cert. denied,419 So.2d 616 (Ala. 1982), held that robbery in the second degree is a lesser included offense of robbery in the first degree when the "robber is aided by another person actually present and one participant is armed with a deadly weapon or dangerous instrument, or causes physical injury to another."Id. at 613. In Lidge, the Court of Criminal Appeals appears to indicate that where there is evidence that an armed robbery is committed by two or more persons and one person is unarmed, then the persons accused are necessarily entitled to a charge of robbery in the second degree. This is an incorrect interpretation of the law. A charge of second degree robbery does not always have to be given in such a situation. As theChavers case holds, a court may properly refuse to charge on lesser included offenses when it is clear to the judicial mind "that there is no evidence tending to bring the offense within the definition of the lesser offense."
Under the evidence presented, the petitioner could not be convicted of robbery in the second degree. Code 1975, §13A-2-23, provides: "A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense: . . . (2) He aids or abets such other person in committing the offense. . . ." Therefore, under the evidence presented by the State, the petitioner would be criminally liable for Dixon's act of carrying the gun. Because the petitioner would be criminally liable for the acts of his accomplice, he would be guilty of robbery in the first degree. See Harris v. State,398 So.2d 777, 779 (Ala.Crim.App.), cert. denied, 398 So.2d 780
(Ala. 1981). According to the State's evidence, the petitioner was obviously aware that Dixon was armed with the gun during the actual commission of the robbery. In order for the petitioner to be convicted of robbery in the second degree, there must be evidence that the robbery was committed by two or more persons and that he did not have an intent to commit the armed robbery or knowledge that an accomplice was going to do so. No evidence was presented that would indicate that the petitioner was guilty of robbery in the second degree.
However, the petitioner did present evidence that the armed robbery never took place. Instead of explaining the facts presented by the State, he presented evidence that a theft was committed when he allegedly tricked Andrew Smith into giving him money. The evidence presented by both sides left the jury with only two possible choices: Hannah either committed theft or he committed robbery in the first degree.
The evidence presented by the petitioner at trial amounts to a denial that a robbery of any kind occurred. In order for the jury to reach the conclusion that a robbery in the second degree occurred, it would have to conclude that both the witnesses for the petitioner and those for the prosecution were lying. It would then have to somehow infer that what really happened was that the petitioner and Dixon robbed the victim without the use of a deadly weapon, or that the petitioner assisted Dixon with the armed robbery without intent to commit an armed robbery and without knowledge that one was taking place. No evidence exists to support such inferences. The evidence supports only the conclusion that the petitioner was involved either in a theft or in an armed robbery.
To give the jury a charge on second degree robbery would have had a tendency to mislead or confuse the jurors, because there was no evidence presented that would indicate that there was a second degree robbery. While a person may commit a crime that contains a lesser included offense, a charge should not be given on that lesser included offense unless it is supported by some evidence, however weak or doubtful in credibility.Chavers at 1107. The trial court properly denied a charge on robbery in the second degree.
 III
The final issue in this case is whether the trial court properly refused an instruction *Page 678 
on the lesser offense of theft. Testimony given in this case by petitioner and his codefendant indicated that a theft was committed, not robbery in the first degree. UnderChavers, supra, every accused is entitled to have charges given which will not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak or doubtful in credibility. See Code 1975, § 13A-1-9(b). Therefore, the petitioner was entitled to a charge on theft, because there was evidence to support such a charge.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.