Calvin Ingram was convicted of sexual abuse in the first degree and sentenced to 15 years' imprisonment. On this appeal from that conviction, the appellant argues that the trial judge committed reversible error in refusing to charge the jury on the offense of sexual abuse in the second degree.
The victim was 13 years old. The appellant was 24 years old and was the "boyfriend" of the victim's mother. The victim's testimony clearly established the offense of first degree sexual abuse charged in the indictment: "sexual contact by forcible compulsion, Ala. Code 1975, § 13A-6-66(a)(1).
The appellant testified in his own behalf that the charges were false and denied that the incident ever occurred. He testified that at the time of the incident he was suffering from a severe injury near his groin area which required stitches. He stated that the victim made the false allegations because her father did not like him and because he had "done time" in the penitentiary for a crime which he claimed the victim's father committed.
The appellant argues that the trial judge should have given his requested instruction and charged the jury that "a person commits the crime of sexual abuse in the second degree if he, being 19 years old or older, subjects another person to sexual contact who is less than 16 years old, but more than 12 years old." See Ala. Code 1975, § 13A-6-67(a)(2).
Under the facts of this case, accepting the State's evidence as true, the appellant is guilty of both first and second degree sexual abuse. The State presented a case of forcible compulsion, the appellant was older than 19 years of age, and the victim was less than 16 years old, but more than 12 years old. Therefore, we conclude that sexual abuse in the second degree is a lesser included offense of sexual abuse in the first degree under the particular facts of this case. SeeStiles v. State, 500 So.2d 1190, 1199 (Ala.Cr.App. 1985).
The State's argument that sexual abuse in the second degree can never be a lesser included offense of sexual abuse in the first degree is without merit for two reasons. First, the State's contention is based on cases dealing with different subsections defining other ways of committing similar offenses. See Allen v. State, 472 So.2d 1122, 1125-26 (Ala.Cr.App. 1985) (second degree rape as defined in § 13A-6-62(a)(1) (sexual intercourse with a female less than 16 and more than 12 years old) is not a lesser included offense of first degree rape as defined in § 13A-6-61(a)(3) (sexual intercourse with a female less than 12 years old)); Ross v. State, 529 So.2d 1074, 107576 (Ala.Cr.App. 1988) (same). Indeed, in Beavers v. State,511 So.2d 951 (Ala.Cr.App. 1987), this Court distinguished Allen, supra, and held that, under the particular facts of that case, rape in the second degree under § 13A-6-62(a)(1) (sexual intercourse with a female less than 16 but more than 12 years old) was a lesser included offense of the first degree rape defined in § 13A-6-61(a)(1) (sexual intercourse by forcible compulsion): "Where, as here, the indictment charges forciblecompulsion *Page 837 
rape in the first degree, and the evidence supports a charge on rape in the second degree, a jury charge on rape in the second degree is not erroneous since the proof necessary here to establish rape in the first degree of necessity established every element of rape in the second degree." Beavers,511 So.2d at 954-55 (emphasis in original).
Second, the State's argument is based on an erroneous interpretation of Ala. Code 1975, §§ 13A-1-9(a)(1) and (4), defining a lesser included offense.[1] In determining whether one offense is a lesser included offense of the charged offense, the potential relationship of the two offenses must be considered not only in the abstract terms of the defining statutes but must also be considered in light of the particularfacts of each case. See Ex parte Jordan, 486 So.2d 485, 488
(Ala. 1986). In Jordan, the Alabama Supreme Court rejected the State's position that vehicular homicide could never be a lesser included offense of murder.
Although we conclude that sexual abuse in the second degree is a lesser included offense of first degree sexual abuse under the particular facts of this case, we find that the trial judge properly refused to instruct the jury on the offense of sexual abuse in the second degree. In Ex parte Stork, 475 So.2d 623
(Ala. 1985), the Alabama Supreme Court held "incorrect" the principle of law that an accused is not entitled to a charge on a lesser included offense when he or she denies committing the offense. There, in a prosecution for first degree assault, the court held that, even though the defendant denied that she either fought with or stabbed the victim, the defendant was entitled to jury instructions on the lesser included offense of third degree assault because "one view of the facts would be that petitioner was involved in fighting with the victim."Stork, 475 So.2d at 624 (emphasis in original).
"This Court in Ex parte Chavers, 361 So.2d 1106 (Ala. 1978), opined:
 " 'An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973). A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury. Lami v. State, 43 Ala. App. 108, 180 So.2d 279 (1965). In fact, our decisions are to the effect that every accused is entitled to have charges given which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility. Burns v. State, 229 Ala. 68, 155 So. 561 (1934).' "
Stork, 475 So.2d at 625. "Under Alabama law, the rule in noncapital cases is that a lesser included offense instruction should be given if 'there is any reasonable theory from the evidence which would support the position.' " Hopper v. Evans,456 U.S. 605, 611, 102 S.Ct. 2049, 2053, 72 L.Ed.2d 367 (1982). See also Ex parte Oliver, 518 So.2d 705, 706 (Ala. 1987); Exparte Kennedy, 472 So.2d 1106, 1114 (Ala.), cert. denied,474 U.S. 975, 106 S.Ct. 340, 88 L.Ed.2d 325 (1985); Ex partePruitt, 457 So.2d 456, 457 (Ala. 1984).
"However, an accused is not always entitled to an instruction on a particular offense even though this offense is included in the offense for which he is charged." Holladay v. State,549 So.2d 122, 129 (Ala.Cr.App. 1988), affirmed, 549 So.2d 135
(Ala.), cert. denied, __________ U.S. __________,110 S.Ct. 575, 107 L.Ed.2d 569 (1989). "While a person *Page 838 
may commit a crime that contains a lesser included offense, a charge should not be given on that lesser included offense unless it is supported by some evidence, however weak or doubtful in credibility." Ex parte Hannah, 527 So.2d 675, 677
(Ala. 1988). The propriety of a lesser included offense charge is not tested by whether the evidence supports the higher offense. "Rather, the appropriate test is whether there was evidence to support a finding of a lesser included offense." Exparte Kerr, 474 So.2d 145, 146 (Ala. 1985).
In this case, we find that the evidence simply does not support a verdict of sexual abuse in the second degree. In order for the jury to reach the conclusion that the appellant was guilty only of sexual abuse in the second degree as a lesser included offense, it would have to conclude that both the victim and the appellant were lying. It would then have to somehow infer and speculate that what really happened was that the appellant had sexually abused the victim but that no forcible compulsion was involved. We find no evidence to support such a conclusion. An instruction on the offense of sexual abuse in the second degree would only have encouraged the jury to reach a "compromise" verdict based on speculation. "Since the appellant denied that 'any act' between the parties occurred and since there was no 'reasonable theory' presented at trial to support a lesser offense, the trial court had no obligation to charge on a lesser offense." Kirksey v. State,475 So.2d 646, 648 (Ala.Cr.App. 1985). See also Ex parteHannah, 527 So.2d at 676-677. In fact, § 13A-1-9(b) provides that "[t]he court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense."
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] Section 13A-1-9 provides in pertinent part:
"(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
"(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
". . . .
"(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."