597 So.2d 246 (1992)
C.P.
v.
STATE.
CR-90-1617.
Court of Criminal Appeals of Alabama.
February 28, 1992.
Joseph M. Maloney, Jacksonville, for appellant.
James H. Evans, Atty. Gen., and Robin Blevins, Asst. Atty. Gen., for appellee.

*247 ON RETURN TO REMAND[*]
TAYLOR, Judge.
The appellant, C.P., was adjudicated delinquent on the underlying offense of criminal mischief, a violation of § 13A-7-23, Code of Alabama 1975. He was placed on six months' probation.
The only issue presented to this court is whether criminal mischief in the third degree is a lesser included offense of attempted burglary in the third degree. The appellant was charged by petition with attempted burglary. The trial court found him guilty of the offense of criminal mischief. As Judge Bowen stated in Ingram v. State, 570 So.2d 835 (Ala.Cr.App.1990):
"In determining whether one offense is a lesser included offense of the charged offense, the potential relationship of the two offenses must be considered not only in the abstract terms of the defining statutes but must also be considered in light of the particular facts of each case."
570 So.2d at 837 (emphasis supplied). Whether a crime is a lesser offense of another crime is necessarily decided on a "case-by-case basis." Aucoin v. State, 548 So.2d 1053, 1057 (Ala.Cr.App.1989). A lesser offense is necessarily included in the elements of the greater offense and therefore it would be impossible to commit a greater offense without committing the included offense. James v. State, 549 So.2d 562 (Ala.Cr.App.1989); Allen v. State, 472 So.2d 1122 (Ala.Cr.App.1985). Section 13A-1-9(a)(1), Code of Alabama 1975, defines an included offense as an offense that is "established by proof of the same or fewer than all the facts required to establish the commission of the offense charged."
A person is guilty of burglary in the third degree if he, "knowingly enters or remains unlawfully in a building with intent to commit a crime therein." § 13A-7-7, Code of Alabama 1975. "A person is guilty of an attempt to commit a crime, if with the intent to commit a specific offense, he does any overt act toward the commission of such offense." § 13A-4-2, Code of Alabama 1975.
"A person commits the crime of criminal mischief in the third degree if with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property in an amount not exceeding $250.00." § 13A-7-23, Code of Alabama 1975.
The state's evidence tended to show as follows: On the evening of March 17, 1991, Mary Jane Steading saw the appellant and a friend outside of a neighbor's apartment. She saw the appellant cut her neighbor's window screen and pull it back. The appellant was holding a black knife at this time. When the appellant saw Steading, he and his friend ran away. Cheryl Garris, who resided in the apartment where the appellant cut the window screen, testified that she talked with the appellant the next day and that he told her that he did not know what he wanted from the apartment but that he did cut the screen. The individual who was with the appellant when the incident occurred stated that he went with the appellant because the appellant told him that he wanted to "cut a window." The appellant admitted that he had told Ms. Steading that he had cut the screen. He said he only admitted this to Ms. Steading because she wouldn't leave him alone and she appeared upset.
Under the facts of this case, criminal mischief was a lesser included offense of attempted burglary in the third degree. The trial court committed no error in finding the appellant guilty of the lesser offense.
AFFIRMED.
All the Judges concur.
NOTES
[*] Reporter of Decisions' note: On October 4, 1991, this cause was submitted to the Court of Criminal Appeals; on October 28, 1991, that court remanded the cause to the trial court for a "determination as to availability of transcript or statement of evidence." The trial court's return was filed November 18, 1991.