TAYLOR, Judge.
The appellant, Matthew Shaine Powell, was convicted of rape in the first degree and sodomy in the first degree, violations of §§ 13A-6-61 and 13A-6-63, Code of Alabama 1975, respectively. He was sentenced to two concurrent terms of 25 years in prison.
The state’s evidence tended to show that on July 4, 1991, the appellant raped and sodomized the victim, M.N.[1] The victim tes *1280 tified that she had stopped to get gas at a convenience store in Tuscaloosa and that when she tried to start her car afterwards, her battery was dead. The appellant and Michael Hayes offered to help her start her car. M.N. testified that the appellant asked her to have a beer with him and Hayes and persisted in asking her to do something with them. M.N. grabbed her address book and told the appellant to put his name and number in it and that she would telephone him later. The appellant reached over and switched off the ignition. The appellant then told her that they would have to push-start her car. The appellant got into the driver’s seat of her car and M.N. was in the passenger seat. Hayes, driving a truck, pushed M.N.’s car until it started. Once her car started, the appellant continued to drive to the 10th Avenue Apartment complex. When they arrived at the complex, he turned the car off and said that he would restart the car using some jumper cables that he had in his apartment.
M.N. further testified that she went into the apartment with the appellant and Hayes. The apartment had no electricity and the telephone was not working. She became nervous and attempted to leave. The appellant restrained her and asked Hayes for help. Hayes restrained her while the appellant ripped off her clothes and performed oral sex on her. She resisted and the appellant began hitting her in the face. Her arms were then tied up and Hayes had sexual intercourse with her. Hayes then forced her to perform oral sex on him.
Hayes put his clothes on and the appellant said it was his turn. The appellant could not perform; he forced her to the bedroom where he twice had sexual intercourse with her.
After the appellant and Hayes had raped and sodomized M.N., they told her to clean up and they gave her a wash cloth. They told her that if she told anyone about what happened they would find her. They took down her name and address from information in her purse. The two then started her car and M.N. went to her apartment, where she called 911.
Dr. Robert Posey, an emergency room doctor at DCR Hospital in Tuscaloosa, examined M.N. He testified that she had been physically assaulted and had suffered bruises on her face and back and had sustained a bite mark on her inner thigh.
The appellant testified in his own behalf. He stated that he did have sex with M.N. but his defense was that she consented.
I
The appellant’s only contention on appeal is that the trial court erred in failing to instruct the jury on the lesser included offenses of assault in the third degree, menacing, and harassment.
Here, no instructions on lesser included offenses were necessary. The appellant admitted that he had had sexual intercourse with M.N. Thus he was either guilty of the offense or not guilty of anything. Instructions on any lesser included offenses were not consistent with the appellant’s defense.
We find it unnecessary to address the issue of whether assault in the third degree, menacing, and harassment are or can be lesser included offenses of rape in the first degree or of sodomy in the first degree. For purposes of a case such as this, where the act of intercourse is admitted, either there was consent or there was not. See Myers v. State, 401 So.2d 288, 291 (Ala.Cr.App.1981). Further,
“As Judge Bowen stated in Ingram v. State, 570 So.2d 835 (Ala.Cr.App.1990):
“ ‘In determining whether one offense is a lesser included offense of the charged offense, the potential relationship of the two offenses must be considered not only in the abstract terms of the defining statutes but must also be considered in light of the particular facts of each case.’
“570 So.2d at 837 (emphasis supplied [in C.P.]). Whether a crime is a lesser offense of another crime is necessarily decided on a ‘case-by-case basis.’ Aucoin v. State, 548 So.2d 1053, 1057 (Ala.Cr.App.1989). A lesser offense is necessarily included in the elements of the greater offense and therefore it would be impossible *1281 to commit a greater offense without committing the included offense. James v. State, 549 So.2d 562 (Ala.Cr.App.1989); Allen v. State, 472 So.2d 1122 (Ala.Cr.App.1985). Section 13A-l-9(a)(l), Code of Alabama 1975, defines an included offense as an offense that is ‘established by proof of the same or fewer than all the facts required to establish the commission of the offense charged.’ ”
C.P. v. State, 597 So.2d 246, 247 (Ala.Cr.App.1992).
Thus under these facts, the trial court committed no error in refusing to instruct the jury on third degree assault, menacing, or harassment.
For the foregoing reasons, the judgment in this cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.

. The anonymity of the victim is being protected as is provided by Rule 52, A.R.App.P.