The appellant, Brian Patrick Love, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 30 years' imprisonment.
The state's evidence tended to show that on December 14, 1993, three men, one armed with a pistol, robbed Thomas Kilgore, manager of the Winn Dixie grocery store on Blue Springs Road in Huntsville. The three men entered the store and two of the men proceeded to the office area of the store, where they found the manager. They held a gun on him and told him to open the safe and put the money in a sack. While the manager was putting money in a sack, one of the robbers fired a shot, which hit the front of the safe. The three men took the money and headed for the rear of the store.
The men were not able to exit through the back door, which was locked, so they went back to the front of the store. They saw the police arriving and one of the men ran upstairs and hid in the ceiling tiles while the other two shot the lock off the back door and fled through that door. The man hiding upstairs was caught when he fell through the ceiling, and the other two, one of whom was later identified as the appellant, were apprehended behind the store after a brief chase. The appellant's clothing was stuffed with money and police found a pistol on the ground near the back door of the store where Officer Richard Eason, of the Huntsville Police Department, saw one of the robbers drop it.
The appellant raises two issues on appeal.
 I
The appellant contends that the trial court erred in refusing to instruct the jury on the lesser included offenses of robbery in the second degree and robbery in the third degree.
"Generally, a trial court should instruct the jury on a lesser offense if there is a reasonable theory from the evidence to support that lesser offense." Jones v. State,656 So.2d 414, 415 (Ala.Cr.App. 1994). " 'When a greater and a lesser included offense are charged, the proper course is for the trial judge to instruct the jury to consider the lesser offense only if a reasonable doubt exists concerning the accused's guilt of the greater offense.' " Parker v. State,587 So.2d 1072, 1084 (Ala.Cr.App. 1991), quoting Bragg v. State,453 So.2d 756, 759 (Ala.Cr.App. 1984).
 "The settled law in Alabama as to common law robbery prior to the effective date of the present statutory law as to robbery, was that a jury should not be charged as to lesser included offenses of robbery where the only reasonable conclusion from the testimony is either that the defendant is guilty of robbery or not guilty of any crime whatever. Cordial v. State, 389 So.2d 170
(Ala.Cr.App. 1980); Williams v. State, 377 So.2d 634
(Ala.Cr.App. 1979), cert. denied, 377 So.2d 639; Turner v. State, 356 So.2d 235, cert. denied, 356 So.2d 237 (Ala.Cr.App. 1978); Simmons v. State, 353 So.2d 11 (Ala.Cr.App. 1977), cert. denied, 353 So.2d 18. It logically follows, we think, that where the evidence permits no reasonable conclusion other than that defendant is guilty of robbery in the first degree as expressly charged or not guilty of any offense whatever, charges as to robbery in the second or robbery in the third degree should not be given."
Richburg v. State, 416 So.2d 1079, 1082 (Ala.Cr.App. 1982). *Page 1274 
The appellant was charged with robbery in the first degree, which is defined at § 13A-8-41, Code of Alabama 1975, as follows:
 "(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43
and he:
 "(1) Is armed with a deadly weapon or dangerous instrument; or
 "(2) Causes serious physical injury to another."
By its language, this Code section includes, as an element, the crime of robbery in the third degree, as defined at §13A-8-43, which states:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."
A person commits the crime of robbery in the second degree "if he violates section 13A-8-43 and he is aided by another person actually present." § 13A-8-42, Code of Alabama 1975.
The appellant asserts that because Mr. Kilgore, the store manager, was confused as to whether the weapon used in the robbery was a .38 revolver or a .357 Magnum revolver, there was a chance that no gun at all was used in the robbery. There is no foundation in fact or logic for this argument. In addition to Mr. Kilgore's testimony, Alan Seward, a manager trainee at the store testified that he saw the robbers and that one of them had a gun. Furthermore, Officer Eason testified that he saw one of the robbers drop a gun as he fled the store and a gun was found near the rear door through which the appellant fled. There was more than sufficient evidence to support a conviction for robbery in the first degree. "The presence of a gun elevates third degree robbery to first degree robbery."Ex parte Curry, 471 So.2d 476, 478 (Ala. 1984).
In Ex parte Hannah, 527 So.2d 675 (Ala. 1988), the Alabama Supreme Court set forth the standard for determining when a robbery constitutes robbery in the second degree.
 "Lidge v. State, 419 So.2d 610 (Ala.Cr.App.), cert. denied, 419 So.2d 616 (Ala. 1982), held that robbery in the second degree is a lesser included offense of robbery in the first degree when the 'robber is aided by another person actually present and one participant is armed with a deadly weapon or dangerous instrument, or causes physical injury to another.' Id. at 613. In Lidge, the Court of Criminal Appeals appears to indicate that where there is evidence that an armed robbery is committed by two or more persons and one person is unarmed, then the persons accused are necessarily entitled to a charge of robbery in the second degree. This is an incorrect interpretation of the law. A charge of second degree robbery does not always have to be given in such a situation. As the Chavers [v. State, 361 So.2d 1106 (Ala. 1978)] case holds, a court may properly refuse to charge on lesser included offenses when it is clear to the judicial mind 'that there is no evidence tending to bring the offense within the definition of the lesser offense.' "
Hannah, 527 So.2d at 677.
Because of the overwhelming evidence in this case, the trial court did not commit reversible error in giving jury instructions for robbery in the first degree only and denying appellant's requested jury instructions.
 II
The appellant also asserts that reversible error was committed when a police officer's report, which he was supplied with pursuant to his discovery motion, was modified from the original report as filed. Specifically, the appellant contends that the police report he was given did not contain a statement made by the appellant: "I've got all the money."
The record reflects that the report given to the appellant was not the report filed by Officer Eason but was a report compiled by another officer. The record also reflects that *Page 1275 
the appellant was supplied with the statement he made to police.
We note that no objection was made concerning this evidence. "[S]pecific objections are necessary to preserve error."Reeves v. State, 456 So.2d 1156, 1160 (Ala.Cr.App. 1984)
 "An adverse ruling by the trial judge is prerequisite for preserving an alleged error in a criminal trial for appellate review. Harrell v. State, 555 So.2d 257 (Ala.Cr.App.), aff'd, 555 So.2d 263 (Ala. 1989). Because the evidence at issue was in fact admitted and no adverse ruling was entered, no error occurred."
Nept v. State, 589 So.2d 801, 801 (Ala.Cr.App. 1991).
Also, there was no objection made when Officer Eason was questioned about his report. "In order to preserve an issue for appellate review, a timely objection at trial must be made."Holifield v. State, 520 So.2d 240, 242 (Ala.Cr.App. 1987).
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the judges concur.