BASCHAB, Judge.
The appellant, LeAndrew Daughtry, was indicted for two counts of first-degree robbery. On April 14, 1999, he pled guilty to two counts of third-degree robbery, and the trial court sentenced him, as a habitual offender, to serve concurrent terms of life in prison. See § 13A-5-9(c)(l), Ala.Code 1975. He did not appeal his convictions. On January 18, 2000, the appellant filed a Rule 32 petition, challenging his convictions. On February 8, 2000, he filed a motion to amend his petition, which the circuit court apparently granted. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
The appellant argues that, because he was armed with a gun, under the facts of these eases, third-degree robbery allegedly was not a lesser included offense of first-degree robbery. Therefore, he contends that the trial court did not have jurisdiction to accept his guilty pleas to third-degree robbery. He also argues that, before he entered his guilty pleas, the trial court did not correctly advise him of the maximum and minimum sentences, including enhancements pursuant to the Habitual Felony Offender Act, he could receive if he pled guilty to third-degree robbery. In its response, the State did not refute the appellant’s allegations. Furthermore, in its order dismissing the petition, the circuit court did not make specific findings of fact regarding each of these claims. Taking the appellant’s allegations as true, he has raised claims that may be meritorious. See Boykin v. State, 708 So.2d 210 (Ala. Crim.App.1997); Love v. State, 677 So.2d 1272 (Ala.Crim.App.1996); Dinkins v. State, 584 So.2d 932 (Ala.Crim.App.1991). Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact regarding each of the appellant’s contentions. On remand, if necessary, the circuit court may require the State to respond specifically to the appellant’s allegations and/or may conduct an evidentiary hearing on the petition. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 35 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact and, if applicable, the State’s response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.