JOINER, Judge.
Jeffrey Jerone Harris appeals his convictions for attempt to commit a controlled-substance crime (distribution of cocaine), see §§ 13A-4-2, -12-203, and -12-211, Ala. Code 1975; attempt to commit a controlled-substance crime (distribution of marijuana), see §§ 13A-4-2, -12-203, and -12-211, Ala. Code 1975; unlawful possession of a controlled substance (cocaine), *305 see § 13A-12-212(a)(1), Ala. Code 1975; first-degree unlawful possession of marijuana, see § 13A-12-213, Ala. Code 1975; and possession with the intent to deliver a cellular telephone to an inmate, see § 14-11-50(a), Ala. Code 1975. Harris was sentenced to 130 months' imprisonment on each conviction. Those sentences were to run concurrently. Harris was also ordered to pay all mandatory assessments and costs.
Facts and Procedural History
The evidence adduced at trial tended to establish the following. On the afternoon of May 9, 2016, Officer Michael Banks, an investigative officer with the Alabama Department of Corrections, left work at Holman Prison and saw a black vehicle pulled over on the shoulder of the road. After he drove several yards past the vehicle, Officer Banks saw a male, who was later identified as Adrian Pritchett, get out of the passenger side of the vehicle with a package in his hand. Officer Banks watched as Pritchett walked into the wooded area near the prison and then returned to the vehicle without the package. Officer Banks was aware of problems with people introducing contraband into the prison facility by leaving it in the woods for inmates to pick up later so he decided to detain Pritchett. At that time, the driver of the vehicle, who was later identified as Harris, got out of the vehicle and walked toward Officer Banks. Officer Banks directed Harris to get back into the vehicle, which he did. As Officer Banks detained Pritchett, Harris left the scene. Officer Banks then notified his supervisor what had just occurred and requested backup.
Correctional officers from Fountain Prison, which is close to Holman Prison, responded to the request for backup. They located Harris and his vehicle just as it began to turn onto the main highway leading from Holman Prison. At that point, they detained Harris. No testimony was presented that drugs or other contraband was found either on Harris or in the vehicle he had been driving.
Agent Deputy W.D. Favor with the Alabama Department of Corrections Investigation and Intelligence Division testified that a cursory search near where Pritchett had gone into the woods was conducted. As a result of that search, law-enforcement officers located a blue "birthday" bag containing two "football-size[d]" packages "wrapped in black tape." (R. 239-41.) It was later determined that that package contained 24.07 grams of marijuana, 5.44 grams of cocaine, "Newport" brand cigarettes, several cellular telephones and chargers, and super glue.[1]
On July 29, 2016, Harris was indicted by the Escambia County grand jury for attempt to commit a controlled-substance crime (distribution of cocaine), see §§ 13A-4-2, -12-203, and -12-211, Ala. Code 1975; attempt to commit a controlled-substance crime (distribution of marijuana), see §§ 13A-4-2, -12-203, and -12-211, Ala. Code 1975; unlawful possession of a controlled substance (cocaine), see § 13A-12-212(a)(1), Ala. Code 1975; first-degree unlawful possession of marijuana, see § 13A-12-213, Ala. Code 1975; and intent to deliver a cellular telephone to an inmate, see § 14-11-50(a), Ala. Code 1975. At a pretrial conference on September 18, 2017, Harris moved to dismiss the indictment on the ground that the two counts of possession were lesser-included offenses of the two counts of attempted distribution.
*306 Following a hearing, the circuit court denied that motion.
On September 20, 2017, a jury found Harris guilty of all counts as charged in the indictment. On November 1, 2017, Harris was sentenced as indicated above. Thereafter, he filed a timely notice of appeal.
Discussion
On appeal, Harris argues that his convictions for possession and attempted distribution arose from one incident and, thus, his possession convictions are lesser-included offenses of his attempted-distribution convictions and violate the prohibition against double jeopardy. The State agrees with Harris and contends that he is entitled to have his convictions for unlawful possession of cocaine and unlawful possession of marijuana vacated. For the reasons provided herein, we agree.
This Court has previously used the two-pronged test announced by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether two offenses are the same for double-jeopardy purposes:
"In Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court held that 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.' The Blockburger test is a two-pronged test. First, 'the threshold inquiry under Blockburger is whether the alleged statutory violations arise from "the same act or transaction." ' State v. Watkins, 362 S.W.3d 530, 545 (Tenn. 2012). See also State v. Armendariz, 140 N.M. 182, 188, 141 P.3d 526, 532 (2006) ('The first part of the test requires the determination of whether the conduct underlying the offenses is unitary.'); R.L.G., Jr. v. State, 712 So.2d 348, 359 (Ala. Crim. App. 1997) ('Before the double jeopardy prohibition is triggered ... it must appear ... that the crimes arose out of the same act or transaction.' (citations omitted) ), aff'd, 712 So.2d 372 (Ala. 1998) ; and State v. Thompson, 197 Conn. 67, 72, 495 A.2d 1054, 1058 (1985) ('An analysis of the Blockburger test involves a threshold determination of whether the offenses arose out of the "same act or transaction," and a substantive analysis of whether they contain distinct elements.'). The Double Jeopardy Clause does not operate to prohibit prosecution, conviction, and punishment in a single trial for discrete acts of the same offense. See Swafford v. State, 112 N.M. 3, 810 P.2d 1223 (1991). Thus, whether a defendant's conduct constitutes the same act or transaction 'does not determine whether there is a double jeopardy violation; rather it determines if there could be a violation.' State v. Schoonover, 281 Kan. 453, 467, 133 P.3d 48, 62 (2006).
"Second, if the offenses did arise from the same act or transaction, then it must be determined whether each offense requires proof of an additional fact which the other does not, i.e., whether the two offenses are the 'same' for double-jeopardy purposes. '[A]pplication of the test focuses on the statutory elements of the offense,' Iannelli v. United States, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 43 L.Ed. 2d 616 (1975), and is a rule of statutory construction based on the assumption that a legislature 'ordinarily does not intend to punish the same offense under two different statutes.'
*307 Whalen v. United States, 445 U.S. 684, 692, 100 S.Ct. 1432, 63 L.Ed. 2d 715 (1980). See also Rutledge v. United States, 517 U.S. 292, 297, 116 S.Ct. 1241, 134 L.Ed. 2d 419 (1996) ('[W]e presume that "where two statutory provisions proscribe the 'same offense,' " a legislature does not intend to impose two punishments for that offense.') (quoting Whalen, 445 U.S. at 692, 100 S.Ct. 1432 ). It is well settled 'that a lesser included and a greater offense are the same under Blockburger.' Brown v. Ohio, 432 U.S. 161, 166 n. 6, 97 S.Ct. 2221, 53 L.Ed. 2d 187 (1977). See also Heard, supra, and Lewis v. State, 57 So.3d 807 (Ala. Crim. App. 2009)."
Williams v. State, 104 So.3d 254, 256-57 (Ala. Crim. App. 2012). The record indicates that Harris's multicount indictment charged him as follows:
"COUNT ONE
"Jeffery Jerone Harris, whose name to the Grand Jury is otherwise unknown, did, with the intent to commit the crime of unlawful distribution of a controlled substance, overtly act towards the commission of such offense by knowingly entering onto the premises of William C. Holman Correctional Facility to deliver cocaine to inmates confined in said facility, in violation of § 13A-4-2, § 13A-12-203, and § 13-12-211 of the Code of Alabama.
"COUNT TWO
"Jeffery Jerone Harris, whose name to the Grand Jury is otherwise unknown, did, with the intent to commit the crime of unlawful distribution of a controlled substance, overtly act towards the commission of such offense by knowingly entering onto the premises of William C. Holman Correctional Facility to deliver marijuana to inmates confined in said facility, in violation of § 13A-4-2, § 13A-12-203, and § 13A-12-211 of the Code of Alabama.
"COUNT THREE
"Jeffery Jerone Harris, whose name to the Grand Jury is otherwise unknown, did unlawfully possess a controlled substance, to-wit: cocaine, in violation of § 13A-12-212(a)(1) of the Code of Alabama.
"COUNT FOUR
"Jeffery Jerone Harris, whose name to the grand jury is otherwise unknown, did unlawfully possess marijuana for other than personal use, in violation of § 13A-12-213(a)(1) of the Code of Alabama."
(C. 50.)[2]
We agree with both Harris and the State that both of Harris's attempted-distribution convictions and both of his possession convictions arose from the same act or transaction. The evidence presented at trial indicated that, on May 9, 2016, Harris drove Pritchett to Holman Prison and was present when Pritchett got out of his vehicle, went into the woods near Holman Prison with a package in hand, and reemerged without that package. Law-enforcement officers searched that area and located a blue "birthday" bag containing two "football-size[d]" packages "wrapped in black tape." (R. 239-41.) It was later determined that that package contained 24.07 grams of marijuana, 5.44 grams of cocaine, "Newport" brand cigarettes, several *308 cellular telephones and chargers, and super glue. The charges quoted above from the indictment make clear that Harris's charges arose out of the same incident. (C. 50.)
Having established that the first prong from Blockburger has been met, we must now determine whether two of the convictions being challenged on appeal each require proof of a fact that the other two do not. Section 13A-1-8(b)(1), Ala. Code 1975, provides that "[w]hen the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if ... [o]ne offense is included in the other, as defined in Section 13A-1-9." Section 13A-1-9(a), Ala. Code 1975, provides:
"(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
"(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
"(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
"(3) It is specifically designated by statute as a lesser degree of the offense charged; or
"(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
In Williams v. State, 104 So.3d 254 (Ala. Crim. App. 2012), this Court explained that,
" ' " 'to be a lesser included offense of one charged in an indictment, the lesser offense must be one that is necessarily included, in all of its essential elements, in the greater offense charged[,]' Payne v. State, 391 So.2d 140, 143 (Ala. Cr. App.), writ denied, 391 So.2d 146 (Ala. 1980), ... unless it is so declared by statute."
" ' James v. State, 549 So.2d 562, 564 (Ala. Cr. App. 1989). "Whether a crime constitutes a lesser-included offense is to be determined on a case-by-case basis." Aucoin v. State, 548 So.2d 1053, 1057 (Ala. Cr. App. 1989). "In determining whether one offense is a lesser included offense of the charged offense, the potential relationship of the two offenses must be considered not only in the abstract terms of the defining statutes but must also ... in light of the particular facts of each case." Ingram v. State, 570 So.2d 835, 837 (Ala. Cr. App. 1990) (citing Ex parte Jordan, 486 So.2d 485, 488 (Ala. 1986) ; emphasis in original). See also Farmer v. State, 565 So.2d 1238 (Ala. Cr. App. 1990).'
" Ford v. State, 612 So.2d [1317,] 1318 [(Ala. Crim. App. 1992)]. The 'particular facts' of each case are those facts alleged in the indictment. Thus, 'the statutory elements of the offenses and facts alleged in an indictment--not the evidence presented at trial or the factual basis provided at the guilty-plea colloquy--are the factors that determine whether one offense is included in another.' Johnson v. State, 922 So.2d 137, 143 (Ala. Crim. App. 2005)."
Williams, 104 So.3d at 264.
For his attempted-distribution-of-cocaine conviction, Harris was found to have violated §§ 13A-4-2, -12-203, and -12-211, Ala. Code 1975. For his possession-of-cocaine conviction, Harris was found to have *309 violated § 13A-12-212(a)(1), Ala. Code 1975.
Section 13A-12-203, Ala. Code 1975, provides that "[a] person is guilty of an attempt to commit a controlled substance crime if he engages in the conduct defined in Section 13A-4-2(a), and the crime attempted is a controlled substance crime." "A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense." § 13A-4-2, Ala. Code 1975. Section 13A-12-211, Ala. Code 1975, provides that "[a] person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he or she sells, furnishes, gives away, delivers, or distributes a controlled substance enumerated in Schedules I through V." Section 13A-12-212(a)(1), Ala. Code 1975, provides, in pertinent part:
"(a) A person commits the crime of unlawful possession of controlled substance if:
"(1) Except as otherwise authorized, he or she possesses a controlled substance enumerated in Schedules I through V."
Cocaine is a Schedule II substance. See § 20-2-25, Ala. Code 1975.
Count I of the indictment charged that Harris "did, with the intent to commit the crime of unlawful distribution of a controlled substance, overtly act towards the commission of such offense by knowingly entering onto the premises of William C. Holman Correctional Facility to deliver cocaine to inmates confined in said facility, in violation of § 13A-4-2, § 13A-12-203, and § 13-12-211 of the Code of Alabama." (C. 50.) Additionally, Count III of the indictment charged that Harris "did unlawfully possess a controlled substance, to-wit: cocaine, in violation of § 13A-12-212(a)(1) of the Code of Alabama."
For his attempted-distribution-of-marijuana conviction, Harris was found to have violated the same sections of the Alabama Code quoted above, see §§ 13A-4-2, -12-203, and -12-211, Ala. Code 1975. For his first-degree unlawful-possession-of-marijuana conviction, Harris was found to have violated § 13A-12-213(a)(1), Ala. Code 1975. Section 13A-12-213(a)(1), Ala. Code 1975, provides, in pertinent part:
"(a) A person commits the crime of unlawful possession of marihuana in the first degree if, except as otherwise authorized:
"(1) He or she possesses marihuana for other than personal use."
Count II of the indictment charged that Harris "did, with the intent to commit the crime of unlawful distribution of a controlled substance, overtly act towards the commission of such offense by knowingly entering onto the premises of William C. Holman Correctional Facility to deliver marijuana to inmates confined in said facility, in violation of § 13A-4-2, § 13A-12-203, and § 13A-12-211 of the Code of Alabama." (C. 50.) Count IV of the indictment charged that Harris "did unlawfully possess marijuana for other than personal use, in violation of § 13A-12-213(a)(1) of the Code of Alabama." Id.
Based on the statutory elements of the offenses and the facts as alleged in the indictments, possession of cocaine and possession of marijuana are lesser-included offenses of attempted distribution of cocaine and attempted distribution of marijuana in this case. Specifically, the commission of the attempted distribution offenses as alleged in the indictment necessarily included all the elements of the possession offenses as alleged in the indictment. In other words, Harris could not have committed the attempted-distribution offenses without also having committed *310 the possession offenses. Because Harris was convicted of both greater offenses and lesser offenses included within those greater offenses, his convictions for both attempted distribution and possession violate double-jeopardy principles. This Court has previously recognized that the "proper remedy when a defendant is convicted of both a greater and a lesser-included offense is to vacate the conviction and the sentence for the lesser-included offense." Williams, 104 So.3d at 265. Accordingly, this case is remanded for the circuit court to vacate Harris's convictions and sentences for possession of marijuana and possession of cocaine.
Conclusion
Based on the foregoing, this case is remanded with instructions to the circuit court to vacate Harris's convictions and sentences for possession of marijuana and possession of cocaine. Due return shall be made to this Court within 42 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
Windom, P.J., and Welch, Kellum, and Burke, JJ., concur.

Agent Deputy W.D. Favor explained that "[inmates] take the backing off of [the cellular telephone] and put super glue on it and stick it to the bottom of the metal bunk beds," in an effort to avoid discovery of the phones by prison personnel. (R. 241.)

We note that Harris does not challenge his indictment for or conviction of Count V, which stated that Harris "did unlawfully and without authorization, possess with the intent to deliver or possess for delivery to an inmate in the custody of the Department of Corrections, to-wit: William C. Holman Correctional Facility, a cellular telephone, wireless communication device, or computer that allows input, output, examination or transfer of computer programs from one computer to another person, in violation of § 14-11-50(a), of the Code of Alabama." (C. 51.)

Note from the reporter of decisions: On October 5, 2018, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.