A jury convicted Holly Wood of murder made capital because it was committed during the course of burglary in the first degree. See Ala. Code 1975, § 13A-5-40(a)(4). The jury, by a 10-2 vote, recommended the death sentence. The circuit court accepted the recommendation and imposed the death penalty. The Court of Criminal Appeals affirmed Wood's conviction and sentence. Wood v. State, 715 So.2d 812 (Ala.Crim.App. 1996).
In his petition for the writ of certiorari, Wood has raised 26 issues for this Court's review; many of these were not presented to the Court of Criminal Appeals. This Court *Page 821 
has reviewed each of the arguments presented by Wood and has searched the record for plain error not raised; it has found no error that would support a reversal of the judgment. We have found only one issue that warrants discussion: whether the circuit court plainly erred during the sentencing phase of Wood's trial by charging the jury that it "may" consider mitigating circumstances.
Before the jury began deliberations in the sentencing phase of Wood's trial, the circuit court gave general instructions regarding the jury's duty to consider aggravating circumstances and mitigating circumstances in rendering its advisory verdict either for capital punishment or for life imprisonment without parole. The court's jury instructions included this statement:
 "The law of this state provides a list of some of the mitigating circumstances which you may consider. But that list is not a complete list of the mitigating circumstances you may consider. I will now read to you a list of some of the mitigating circumstances that you may consider."
(Emphasis added.)
Wood argues that this portion of the court's sentencing-phase jury charge was erroneous and misleading because, he says, it is contrary to Ala. Code 1975, § 13A-5-51. That section, which sets out a list of mitigating circumstances to be considered in the sentencing phase of a capital case, states that "[m]itigating circumstances shall include, but not be limited to, the following. . . ." (Emphasis added.) Focusing on the mandatory language of § 13A-5-51, Wood contends that the circuit court erred by not instructing the jury that it must
consider the mitigating circumstances contained in the statute.
Wood contends that the circuit court made the jury's consideration of mitigating circumstances permissive rather than mandatory, and he argues that he was therefore deprived of the reliable and individualized sentencing procedure required in capital cases. Specifically, Wood points to Woodson v. NorthCarolina, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976), in which the United States Supreme Court held:
 "[I]n capital cases the fundamental respect for humanity underlying the Eighth Amendment, see Trop v. Dulles, 356 U.S. [86], at 100, 78 S.Ct. 590, 2 L.Ed.2d 630 (plurality opinion), requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death."
428 U.S. at 304, 96 S.Ct. at 2991, 49 L.Ed.2d at 961. TheWoodson Court further stated:
 "Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two. Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case."
428 U.S. at 305, 96 S.Ct. at 2991, 49 L.Ed.2d at 961.
Initially, we note that Wood's reliance on the United States Supreme Court's holding in Woodson has been largely undermined by that Court's recent decision in Buchanan v. Angelone, ___ U.S. ___, 118 S.Ct. 757, 139 L.Ed.2d 702 (1998). Writing for a six-member majority in Buchanan, Chief Justice Rehnquist held that the Eighth and Fourteenth Amendments of the United States Constitution do not mandate that a trial court give any instruction to a capital jury concerning mitigating circumstances. According to Buchanan, all that is constitutionally required in a capital sentencing-phase instruction is that a jury not be precluded from considering mitigating circumstances. Thus, while a trial court cannot instruct a capital jury in such a way that it is prevented from considering mitigating circumstances, Buchanan does not require a trial court to give any instructions whatever regarding either the concept of mitigation generally or particular statutory mitigating circumstances.
In Buchanan, the United States Supreme Court found no reversible error in a Virginia trial court's sentencing-phase jury instructions, even though mitigating circumstances were not mentioned at all during the charge. In light of this holding, it would seem that *Page 822 
the sentencing-phase instruction in Wood's case — which, Wood argues, made the jury's consideration of mitigating circumstances permissive — would not be held deficient on federal constitutional grounds. In fact, the Buchanan decision indicates that Wood never had a federal constitutional right to an instruction on mitigating circumstances at all, so long as the jury in his case was not precluded in some way from being able to consider mitigating circumstances.
However, nothing in Buchanan changes the fact that Alabama law does entitle capital defendants to a sentencing-phase instruction on mitigating circumstances. It is well settled that "every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility." Chavers v. State,361 So.2d 1106, 1107 (Ala. 1978), citing Burns v. State,229 Ala. 68, 155 So. 561 (1934). Although this maxim has been used most frequently to grant defendants jury charges on lesser-included offenses and affirmative defenses, it is equally applicable to entitle capital defendants to a jury instruction on mitigating circumstances, so long as some evidence has been presented to support a finding of mitigating circumstances. Therefore, because Wood presented some evidence of mitigating circumstances, he was entitled to an appropriate jury instruction on mitigating circumstances.
In addition to being entitled to a jury instruction on mitigating circumstances, Wood was also entitled to have the jury given a charge that was not misleading. See Page v. State,487 So.2d 999, 1008 (Ala.Crim.App. 1986). In that regard, Wood correctly asserts that the portion of the jury instructions excerpted above is an incorrect statement of law. While that instruction stated that Wood's jury "may" consider mitigating circumstances, Ala. Code 1975, § 13A-5-51, requires
that the jury consider mitigating circumstances.
Nonetheless, despite the fact that one segment of the circuit court's jury instructions contained some ambiguity, the law does not necessarily require a reversal of Wood's sentence. In reviewing jury instructions to determine if they correctly set forth the applicable law, a reviewing court must consider the entire charge. Volkswagen of America, Inc. v. Marinelli,628 So.2d 378, 384-85 (Ala. 1993).
We note that, in addition to being given that portion of the charge highlighted by Wood, the jury was also given this instruction:
 "It is the duty of the jury to weigh the mitigating and aggravating circumstances in its decision. The jury is not free to arbitrarily ignore any factor, positive or negative, in arriving at the correct sentence."
The circuit court also gave the jury this instruction:
 "[I]f there is a factual dispute over the existence of a mitigating circumstance then you should find to [sic] consider that mitigating circumstance, unless you find the evidence is such that it is more likely than not that the mitigating circumstance did not exist."
In light of these additional sentencing-phase instructions, we hold that the jury was sufficiently charged that it must consider mitigating circumstances in rendering its advisory verdict. A reasonable reading of the circuit court's entire charge makes it clear that the judge told the jury that it had a duty to weigh the aggravating circumstances and the mitigating circumstances.
Moreover, the fact that the circuit court, in a certain part of its jury charge, used the phrase "may consider" could have properly referred to a capital defendant's burden of proving mitigating circumstances. See Ala. Code 1975, § 13A-5-45(g). In many cases, the defendant fails to establish, by the measure of proof required, the existence of mitigating circumstances. In other words, the jury may consider the circumstance if it is properly proved. In fact, it was likely that Wood did not properly prove the existence of mitigating circumstances; we have reviewed the record of the sentencing phase of Wood's *Page 823 
trial, and we have found only scant evidence of mitigating circumstances.[1]
Because the jury was sufficiently instructed that it had a duty to consider mitigating circumstances, and because Wood presented little evidence of mitigating circumstances, we find no indication that the jury or the trial judge disregarded any potential mitigating circumstances that were adequately supported by proof.
We also note that, in response to Wood's argument for a reversal of his sentence, the State has asserted that the circuit court could not have erred in charging the jury that it "may" consider mitigating circumstances because that instruction mirrored the pattern charge for mitigating circumstances that is set forth in Alabama Pattern JuryInstructions (Criminal) for use in the sentencing stage of capital cases tried under Ala. Code 1975, § 13A-5-40(a). To support its contention, the State has relied on Ex parteTrawick, 698 So.2d 162 (Ala.), cert. denied, ___ U.S. ___,118 S.Ct. 568, ___ L.Ed.2d ___ (1997), in which this Court stated that "this Court has held that no reversible error will be found when the trial court follows the pattern jury instructions adopted by this Court." Trawick, 698 So.2d at 173, citing Kuenzel v. State, 577 So.2d 474, (Ala.Crim.App. 1990),affirmed, 577 So.2d 531 (Ala.), cert. denied, 502 U.S. 886,112 S.Ct. 242, 116 L.Ed.2d 197 (1991).
This language quoted from Trawick implies that a circuit court's jury charge will be unassailable on appeal so long as that charge follows a pattern instruction. However, that would be an improper interpretation of Trawick, because pattern jury instructions may be inapplicable under particular circumstances and may, in fact, be challenged by cogent arguments based upon applicable law. This position is supported by this Court's order of December 6, 1982, recommending the pattern jury instructions for capital cases. That order was quoted inKuenzel:
 " '[T]he use of the pattern jury instructions, . . . for the trial and sentencing aspect of cases tried under § 13A-5-40(a), Code of Alabama, 1975, is recommended, but without prejudice to the right of any defendant to make and preserve for review in a timely manner any objection thereto either as to form, substance or application.' "
Kuenzel, 577 So.2d at 520 (emphasis added).[2]
One reading of Trawick could suggest that this Court's intent in that opinion was to state that no plain error will be found when the circuit court follows a pattern jury instruction. This position would be supported by the scope of review in Trawick, which was limited to plain-error analysis. This view of *Page 824 Trawick would also be buttressed by language in the opinion of the Court of Criminal Appeals in Kuenzel, which Trawick cited, quoting this Court:
 " '[W]e do not think we should hold that the trial judge plainly erred when he instructed the jury pursuant to a pattern jury instruction 'recommended' by this Court, especially in the absence of an objection or request from the defendant.' "
Kuenzel, 577 So.2d at 520, quoting Ex parte Harrell,470 So.2d 1309, 1315 (Ala.), cert. denied, 474 U.S. 935, 106 S.Ct. 269,88 L.Ed.2d 276 (1985). (Emphasis in Kuenzel and Harrell.)
However, if we examine only the language of Trawick andKuenzel, it might yet appear that a trial court could never plainly err by giving a pattern instruction in a capital case. That conclusion would be incorrect because the Harrell
decision, which was relied on in Kuenzel, correctly indicated that this state's appellate courts must examine jury instructions, even if they are pattern charges, on a case-by-case basis to determine whether they are plainly erroneous. Despite the fact that in Harrell this Court stated that "we do not think . . . the trial judge plainly erred when he instructed the jury pursuant to a pattern jury instruction," 470 So.2d at 1315 (emphasis omitted), this Court had prefaced that statement by stating earlier in Harrell that "the critical question (is) whether we should apply the 'plain error' rule inthis case." 470 So.2d at 1314 (emphasis in original). Consequently, even though this Court declined to find plain error in Harrell, because the trial court had used a pattern instruction, that case did not hold that the use of a pattern instruction could never constitute plain error. To the contrary, this Court's holding in Harrell was limited to the facts of that case.
In light of Harrell, we conclude that the statement inTrawick that "no reversible error will be found when the trial court follows . . . pattern jury instructions," Trawick, 698 So.2d at 173, was overly broad. While most pattern jury instructions may be properly used in the majority of criminal and civil cases, there may be some instances when using those pattern charges would be misleading or erroneous. In those situations, trial courts should deviate from the pattern instructions and give a jury charge that correctly reflects the law to be applied to the circumstances of the case. Similarly, while there will likely be few instances in which the giving of a pattern instruction would be plainly erroneous in a capital case, we do not foreclose that possibility. For that reason, a trial court must diligently scrutinize the jury charges it gives — even pattern charges — on a case-by-case basis to ensure that they properly instruct the jury in accordance with applicable statutes and caselaw.
In Wood's case, however, we have already held that the circuit court's sentencing-phase jury charge, taken in its entirety, was not erroneous. Therefore, Trawick has no application to our decision in this case.
In addition to the issue Wood raises regarding the jury instruction, this Court has reviewed the other issues presented to it; has examined the issues addressed and decided by the Court of Criminal Appeals; has considered the oral arguments made before this Court; and has thoroughly examined the record for plain error. We find no error, plain or otherwise, either in the guilt phase or in the sentencing phase of Wood's trial that so prejudicially affected his rights as to require a reversal of Wood's conviction or sentence. As required by Ala. Code 1975, § 13A-5-53, we have reviewed the record, including the circuit judge's sentencing order and the opinion of the Court of Criminal Appeals upholding the imposition of the death penalty in this case. This review shows that Wood's sentence was not the result of "passion, prejudice, or any other arbitrary factor." § 13A-5-53(b)(1). We conclude that the circuit court and the Court of Criminal Appeals properly weighed the mitigating circumstances and the aggravating circumstances. Finally, we hold that those courts did not err in determining that Wood's sentence of death was properly imposed and was proportional to the penalty imposed in similar cases. Accordingly, the judgment of the Court of Criminal Appeals affirming Wood's conviction and sentence is hereby affirmed.
AFFIRMED. *Page 825 
HOOPER, C.J., MADDOX, SHORES, HOUSTON, KENNEDY, COOK, and SEE, JJ., concur.
BUTTS, J.,** concurs specially.
[1] During the sentencing phase, Wood first presented evidence that his family experienced difficult times during his early years. However, no evidence suggested that Wood had suffered abuse as a child.
Second, Wood introduced a copy of the police report that was completed when Wood was arrested in this case. That report described Wood's condition at the time of his arrest as "drinking." However, Wood presented no evidence that he was actually intoxicated, and witnesses for the State testified during the guilt phase that Wood did not appear to be intoxicated when he was arrested.
Third, Wood introduced a report from the State Board of Pardons and Paroles remarking that Wood needed "anger induced, acting out and reality therapy." However, Wood presented no additional evidence to show that he suffered from a mental defect or that he was otherwise mentally incompetent.
Ala. Code 1975, § 13A-5-45(g), requires that a capital defendant prove the existence of a mitigating circumstance by a preponderance of the evidence. Based on the meager amount of evidence presented on the question of mitigating circumstances, we conclude that neither the jury nor the trial judge acted unreasonably by finding that no mitigating circumstances existed in Wood's case.
[2] See also, the "Order of the Supreme Court of Alabama Approving Use of Alabama Pattern Jury Instructions," Alabama Pattern JuryInstructions (Civil) (2d ed. 1993) at pp. xix-xxii, suggesting that the Court's Advisory Committee on Civil Practice and Procedure "consider the desirability" of amending the Rules of Civil Procedure to add a rule providing in part as follows:
 "The publication by the Alabama Pattern Jury Instructions Committee of Alabama Pattern Jury Instructions in Civil Cases and their use by the trial judges of this state are recommended, but without prejudice to the rights of any litigant to make and reserve for review any objection thereto either as to form, substance or application."
(Emphasis added.)
** Justice Butts was not present at oral argument, but on February 25, 1998, he listened to the tape of the oral argument.