Alonzo Lydell Burgess petitioned for a writ of certiorari to the Court of Criminal Appeals, which had affirmed his conviction and death sentence on one count of murder made capital by his killing three people pursuant to one scheme or course of conduct.See Ala. Code 1975, § 13A-5-40 (a) (10). This Court issued the writ of certiorari as a matter of right, pursuant to Ala. R. App. P. 39 (c).
We have carefully reviewed all of the issues presented in the petition, the briefs, and oral argument. With one exception, all of the issues now raised by Burgess were addressed by the Court of Criminal Appeals. See Burgess v. State, 723 So.2d 742
(Ala.Crim.App. 1997). The single issue not addressed by the Court of Criminal Appeals — whether the imposition of the death penalty constitutes cruel and unusual punishment — lacks merit. "The United States Supreme Court has held that the penalty of death, if constitutionally applied, does not constitute cruel and unusual punishment." Ex parte Harrell, 470 So.2d 1309, 1317 (Ala. 1985), cert. denied, 474 U.S. 935, 106 S.Ct. 269, 88 L.Ed.2d 276
(1985) (citing Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909,49 L.Ed.2d 859 (1976)).
In its opinion, the Court of Criminal Appeals stated that "no plain error occurs when the trial court instructs the jury in accordance with . . . pattern jury instructions." 723 So.2d at 758. However, that statement is not entirely accurate, in light of Ex parte Wood, 715 So.2d 819 (Ala. 1998), in which this Court held that following the pattern jury instructions does not necessarily foreclose error. Nonetheless, there is no cause for a reversal in this case, because the Court of Criminal Appeals did not base its affirmance of Burgess's conviction and sentence on the premise that reciting pattern instructions cannot give rise to error. We have read the circuit court's jury charge and do not find reversible error.
The Court of Criminal Appeals also addressed an apparent issue of first impression. In sentencing Burgess to death, the circuit court found, as an aggravating circumstance, that Burgess had committed the murders in this case while he was "under sentence of imprisonment," within the meaning of Ala. Code 1975, §13A-5-49 (1). The "sentence of imprisonment" that Burgess was under at the time of the murders was a two-year suspended sentence he had received for violating a municipal ordinance. More particularly, he had, less than a year before committing capital murder, been convicted of making harassing communications — see generally, *Page 772 
Ala. Code 1975, § 13A-11-8 (b) — directed toward the mother and grandmother of the victims in this case.
Burgess argues that the legislature could not have intended that his being under a suspended sentence for violating a municipal ordinance would support the finding of an aggravating circumstance under § 13A-5-49 (1). The Court of Criminal Appeals rejected that argument, noting that the term "sentence of imprisonment," as defined in § 13A-5-39 (7), specifically includes suspended sentences, and stating that that section "does not exclude from its scope any category of criminal violation." 723 So.2d at 766, 1997 WL 509382. Thus, the court held that, given the facts of this case, the circuit court did not err by finding the existence of a § 13A-5-49 (1) aggravating circumstance. Further, the Court of Criminal Appeals held that, in deciding whether to impose the death penalty, "the sentencer is free to assign [such an aggravating circumstance] great weight or no weight at all." 723 So.2d at 767, 1997 WL 509382.
The relevant statutes do not appear to exclude the use of a sentence for a municipal violation as an aggravating circumstance. In assigning weight to such an aggravating circumstance, however, the sentencing court should keep in mind the gravity and relevance of the underlying offense.
 "`The determination of whether the aggravating circumstances outweigh the mitigating circumstances and vice versa, is not a numerical one. See Alabama Code § 13A-5-48
(1975). It is based on the gravity of the aggravating circumstances compared to that of the mitigating circumstances.'"
Carr v. State, 640 So.2d 1064, 1074 (Ala.Crim.App. 1994) (quoting Murry v. State, 455 So.2d 53, 66-67 (Ala.Crim.App. 1983), rev'd on other grounds, 455 So.2d 72 iAla. 1984)) (emphasis added). Accordingly, in capital cases in which an aggravating circumstance is found to exist, on the basis of the defendant's having been under a sentence of imprisonment for violating a municipal ordinance that involved the commission of a relatively minor crime, that aggravating circumstance should generally be given little weight.
In particular instances, however, an aggravating circumstance that is found to exist based on a sentence for a municipal conviction might be afforded more weight. The circumstance would have particular relevance, for example, when the defendant was under a sentence of imprisonment for already having committed a crime against a person whom he later murdered. Such a consideration is present here, because Burgess's municipal conviction was for harassing communications directed at his murder victims' mother and grandmother. Burgess mentioned his bad relationship with the victims' mother and grandmother as one reason for committing the murders in this case. Thus, his conviction for a municipal violation was relevant to his conviction for capital murder, and his being under a sentence for that conviction was indeed an aggravating circumstance to which the circuit court could have attributed some weight.
The fact that Burgess was under a sentence for his municipal conviction was not the only aggravating circumstance the circuit court considered in imposing the death penalty. Burgess had previously been convicted of two counts of kidnapping, and his convictions on those offenses qualified as aggravating circumstances under Ala. Code 1975, § 13A-5-49 (2), because they constituted prior convictions for felonies "involving the use or threat of violence to the person." These prior felony convictions provide weighty aggravating circumstances supporting Burgess's death sentence. Consequently, the fact that he was under a suspended sentence for a municipal conviction need not be given undue weight in order to sustain Burgess's death sentence.
No error resulted from Burgess's being absent, without his attorney's objecting, for two brief periods during procedural discussions. Ex parte DeBruce, 651 So.2d 624 (Ala. 1994).
We have studied the record in this case, and we find no error, in either the guilt phase or the sentencing phase of Burgess's trial, that would warrant a reversal of his conviction or sentence. Although all of the Justices do not necessarily approve of all the *Page 773 
reasoning in the opinion of the Court of Criminal Appeals, that court reached the correct result. Therefore, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, COOK, and SEE, JJ., concur.