McMILLAN, Judge,
concurring in the result.
I concur with the majority’s decision in the unpublished memorandum in this case that the trial court did not err in denying the appellant’s motion for a mistrial based on the following comment by the prosecutor: “He has not said one word to you.” Although I agree with the conclusion in the dissent that the appellant’s objection was sufficiently established in the record, I do not believe that he was entitled to a mistrial, because the trial court did as the defense counsel requested in his original objection. Defense counsel objected, stating, ‘Tour Honor, again, would you please explain to the jury and ask Mr. Cornelius to quit saying that I have a burden of proof in this case.” After defense counsel specifically indicated the comment to which he was objecting, the trial court said to the jury, “Well, Mr. Boudreaux’s client does not have any burden in this case. O.K.?” Defense counsel made no further objection following this instruction.
Defense counsel thereafter objected to the prosecutor’s statement that “we didn’t hear any evidence other than it was his house — .” This statement was “a fair and legitimate comment on the evidence and a fair response to the argument of the defense. It was not a comment on the appellant’s failure to testify. See Brinks v. State, 500 So.2d 1311 (Ala.Cr.App.1986).” Whitt v. State, 733 So.2d 463, 483 (Ala.Cr.App.1998). Although prosecutors may not make indirect comments that the jury would necessarily interpret as comments on a defendant’s failure to testify, “prosecutors may comment on the evidence presented and may draw conclusions and legitimate inferences from that evidence. E.g., Dill v. State, 600 So.2d 343, 355 (Ala.Cr.App.1991), aff'd, 600 So.2d 372 (Ala.1992), cert. denied, 507 U.S. 924, 113 S.Ct. 1293, 122 L.Ed.2d 684 (1993).” Burgess v. State, 723 So.2d 742, 752 (Ala.Cr.App.1997), affirmed, 723 So.2d 770 (Ala.1998).
When the defense counsel subsequently stated his grounds for this objection outside the presence of the jury, he stated that this latter comment conveyed “that we didn’t hear one shred of evidence from the defendant about this, that, and the other.” The prosecutor responded, stating emphatically that he never made such a comment. The trial court concluded that he did not hear such a comment either. The record indicates that this latter comment by the prosecutor was not referring to the appellant’s failure to testify but rather was a comment that was supported by the evidence presented by the State. As such, the comment was proper and the trial court’s denial of the motion for a mistrial was also proper.
Therefore, because the appellant received his requested relief from the first *335 comment pursuant to his initial objection with no further request for relief, and because the second statement by the prosecutor was a proper comment on the evidence, no mistrial was warranted.
BASCHAB, J., concurs.